EASTERN DIST.
*February*, 1832.

**BABIN ET ALS. *vs.* PHILLIPON'S EXECUTORS.**

BABIN ET ALS.
*vs.*
PHILLIPON'S
EXECUTORS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF

NEW-ORLEANS.

Contradictory evidence does not authorise the reversal of a judgment on a question of fact.

Whether in case there be heirs entitled to inherit jointly with an absentee, who is not known to have ceased to exist, they have or have not the right to the exclusive possession of the estate?—*Quere.*

When there are none such, the heirs of the absentee may be put in possession.

The facts are fully stated in the opinion of the court, delivered by *Porter, J.*

The plaintiffs, who allege themselves heirs of the testator, claim from the defendants, the estate in their possession.

The answer puts their quality as heirs at issue. There was judgment in the court below for the plaintiffs, and the defendants appealed.

The petitioners state, that they are nephews and nieces of the deceased. They prove the death of their grandfather and grandmother. One portion of the petitioners who claim as heirs of Brecq, prove also, the death of their mother, but it is ojected, that the evidence which shows them to be children of the testator's sister, shows at the same time, they had a brother, whose death is not shown, and who is not a party to this suit. The evidence on this head, is contradictory, and does not authorise the reversal of the judgment, rendered below on a question of fact.

Contradictory evidence does not authorise the reversal of a judgment on a question of fact.

It is objected to the other petitioner, Babin, that he has not established the death of his mother, and that until he does so, he cannot demand the succession from the executors. This objection presents the only question of importance, or difficulty in the cause.

It is in proof, the mother disappeared from her usual place of residence in France, forty-four years ago; she has not been heard of since, and is generally reputed to be dead. About

thirty-three years since, a tutor was appointed to the petitioner,
on the ground that his father and mother were dead. This
tutor administered his ward's property, and at the expiration of the minority, rendered an account to the petitioner.

The defendants insist, that the death of the mother is not positively proved, and that as one hundred years have not elapsed since her birth, her existence must be presumed.

The plaintiff contends, it is sufficient for him to show, the existence of his mother was not known at the time the succession was opened, and that if it was uncertain, he has a right to be put in possession of the inheritance. He rests this pretention, on the *78th article of the Lousiana Code*, which is in these words.

"In case a succession shall be opened in favor of a person whose existence is not known, such inheritance shall devolve exclusively on those, who would have had a joint right with him to the estate, or on those on whom the inheritance would have devolved, if such person had not existed."

Some observations have been addressed to us, on the difference between the French and English texts of this article in our code. But they appear in substance the same. By the former, the succession falls to those, "*qui l'auraient recueillié a son defaut*, that is, to those who would have received it *in default* of the person whose existence is unknown. By the latter, it is taken by the heirs who would have inherited, in case the individual in regard to whose existence uncertainty prevails, *had not existed*. The same idea is conveyed by both texts.

The article in our code, is taken *verbatim* from the Napoleon. It has given rise to a considerable difference of opinion among the jurists of France, and the decisions of their tribunals of appeal, are contradictory in relation to it. The court of cassation does not appear to have yet settled the several questions to which it may give rise. That presented by the facts now before us, is yet undetermined, though many of the principles of law involved in it, have received a very full discussion, and some of them a judicial decision, by the court of last resort. The authorities cited in support of the heir,

EASTERN DIST.
February, 1832.

BABIN ET ALS.
vs.
PHILLIPON'S
EXECUTORS.

to take by representation in concurrence with those who would have inherited jointly with his ancestor, are *Delvincourt, vol. 1, p.* 356. *Sirey, vol.* 12, *an.* 1812, *p.* 2, 292. *Ligislation et Juris des successions par Paillet, vol.* 3, *p.* 36. Those in the negative of the proposition are *Toullier, Droit Civil, liv.* 1, *tit.* 4, *sec.* 2, *no.* 475 *et* 476. *Merlin, Questions de Droit, vol.* 1, *verbo absent. Merlin, Répertoire, vol.* 1, *p.* 30, *verbo absent. Favarde De Langlade, Répertoire de la Nouvelle Législation, mot absent. sec.* 3, §2, *p.* 22. *Sirey, vol.* 12, *an.* 1812, *pt.* 2, *p.* 27. *Ibd., an.* 1808, *p.* 2 *et* 193. *Ibd.,* 1827, *p.* 157. *Proudhon, Cours de Droit Français, vol.* 1, *p.* 192 à 195.

When this case was first before us, we were of opinion, that the children of the absentee, could not claim the share which their ancestor might have demanded in the succession, were he present. We thought that interpretation most sound, which considered his existence, or his death unknown, until one hundred years had elapsed from the time of his birth, and that as his existence was not known, those who would have inherited jointly with him, had he been alive, must, under the article of our code already cited, be put in possession of the estate. Further reflection, however, and the authorities cited on the second argument, have somewhat weakened our confidence in the correctness of the conclusion we first came to. But it is unnecessary to form or express any positive opinion on this point, as we are satisfied the case before us may be decided, without touching on this debateable ground.

In the court below, the succession was claimed by Babin, as the heir of Elizabeth Phillipon, and by Maria and Angelique Brecq, as heirs and representatives of Charlotte Phillipon, deceased. Both parties in right of their respective mothers, claimed for each, the one-half of the succession of their uncle. And the Court of Probates, by separate and distinct judgments, decreed, one-half the estate to the Brecqs in right of their mother Charlotte, and the other half to Babin in right of his mother Elizabeth. From these judgments the executors have brought the cases before us, by two appeals, though as in the argument before the court, they have been considered one cause, relating to the settlement of Phillipon's succession.

EASTERN DIST.
*February*, 1832.

BABIN ET ALS.
*vs.*
PHILLIPON'S
EXECUTORS.

One of the appellees has prayed, that the judgments rendered below may be amended in his favor, and therefore, though they may be reversed and the right acquired by them diminished, they cannot be in any respect altered and made more favorable to him. Nor can he hereafter, have any errors in these judgments, prejudicial to his legal rights, corrected by a subsequent appeal. In that respect, the matter has passed into the authority of the thing judged. The Code of Practice is express on this point. *See article* 889.

The provision in the Louisiana Code, already cited, gives that part of a succession, which devolves on a person whose existence is unknown, to those who would have had a joint right with him in the estate, or to those who would have inherited in case " he had not existed," *a son defaut.*

It was contended on the first argument, and such was our impression, that the law intended to give the succession to those who would have inherited, had the heir who is not known to be alive, *never existed.* In other words, to the heir or heirs, next in order of succession. We think, however, with the counsel for the appellees, that the better opinion is, the provision did not contemplate the exclusion should be carried so far, and that it was intended, to give the property to those, to whom the inheritance would have devolved, had the absentee not been in existence, when the succession was opened. Leaving, therefore, the question untouched, whether in case there had been heirs, who would have taken jointly with the absentee, they might not have had the right to the exclusive possession of the estate, we think that where there are none such, the heirs of the absentee may be put in possession. Because, had he not existed at the time the succession was opened, they would have stood next in order to the deceased, and could have inherited.

*Whether in case there be heirs entitled to inherit jointly with an absentee, who is not known to have ceased to exist, they have or have not the right to the exclusive possession of the estate?—Quere.*

If this position be sound, how stands the present case ? The collaterals who under the previous part of the article, in the opinion of some, might have claimed the whole of the succession, have in their petition only demanded the one-half of it. The court has confirmed their pretensions by its judgment, and the matter as we have already seen, has passed

*Where there are none such, the heirs of the absentee may be put in possession.*

into the authority of *res judicata*. By doing so, they have lost their right to the remainder of the estate, and left it open to any other heir who may present himself. The persons therefore, claiming in default of the absentee, freed from any contest with, or embarrassment from, the conflicting claims of those who would have inherited jointly with their ancestor, have the same right to receive it, as if these collaterals did not exist. The question then is, whether the executors can retain it. We think not, for the petitioner is the person who would have inherited, had the ancestor not existed at the time the succession was opened.

This conclusion which we believe to be in consonance with the strict principles of law, eminently promote the equity of the case.

It is, therefore, ordered, adjudged and decreed, that the judgment rendered by the Probate Court in favor of Jean Babin, and Maria and Angelique Brecq, against the executors of the estate of Jean Phillipon, be affirmed, the costs to be paid by the estate.