*Eastern District, March 1831.*

DANIELS
*vs.*
BURNHAM.

---

### *RILS vs. QUESTI.*

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE THEREOF PRESIDING.

Letters of administration make full proof of the party's capacity until they be revoked. They must have their effect, and the regularity of the proceedings on which they issued, cannot be examined collaterally.

Whatever right one may have against his co-heirs, he cannot avail himself of it to avoid paying for property bought at a sale of the estate.

This suit was brought by the administrator of Franchebois' estate, and to his right of action, the defendant filed the following exceptions : 1st, that all the heirs (of whom the defendant was one) being present and represented in the state, an administrator could not be appointed : 2d, that all the property of the succession having been legally disposed of, there was no object upon which to administer : 3d, that the appointment of plaintiff as administrator, if ever made (but which was expressly denied) issued irregularly and *ex parte :* and further, he pleaded a former suit and judgment for the same cause of action. The plaintiff produced his letters of administration, and the defendant offered proof of the allegations set forth in his exceptions ; but the court refused to receive the evidence, on the ground that it could not look beyond the letters of administration, and inquire into the legality of the plaintiff's appointment. To this opinion of the court, the defendant excepted. There was judgment for the plaintiff, and the defendant appealed.

*Morse,* for appellant. *Eustis,* for appellee.

*Martin, J.,* delivered the opinion of the court.

The plaintiff, administrator of Franchebois, claimed the

E2

Eastern District.
*March* 1831.

RILLS
*vs.*
QUESTO.

price of several slaves, purchased by the defendant, at the sale of the property of the deceased.

The defendant denied the plaintiff being administrator, as all the heirs are present, and represented in the state, and the defendant is one of them ; that the whole property had been administered at the period the pretended administration was granted. He pleaded a former suit and judgment for the same cause of action.

These exceptions being overruled, the defendant answered, that there could not be any recovery against him, as the heirs were not parties to the suit, and because he, as one of the heirs, instituted a suit against the others, in the Court of Probates, for his share of the estate, &c.

There was judgment for the plaintiff, and the defendant appealed.

*Letters of administration make full proof of the parties capacity till they are revoked. They must have their effect, and the regularity of the proceedings on which they issued cannot be examined collaterally.*

The exceptions were overruled on the plaintiff producing his letters of administration, and the court below refused leave to the defendant to introduce evidence in support of his allegations, being of opinion, that the letters of administration made full proof of the plaintiff's capacity as administrator, and till they were revoked, they must have their effect, and the regularity of the proceedings on which they issued, could not be examined collaterally in the present suit. In this opinion we concur.

*Whatever right one may have against his co-heirs, he cannot avail himself of it to avoid paying for property bought at the sale of the estate.*

Whatever right the defendant may have on the estate, against his co-heirs, he cannot avail himself of it to avoid paying for the property he bought at the sale of the estate. There may be debts of the deceased to pay, and the estate must be liquidated before any heir may claim any part of it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.