## HEREFORD *v.* THE POLICE JURY OF WEST BATON ROUGE.

Article 3411 C. C. applies to the abandonment of the possession of moveables only. An abandonment of the title to land must be made in writing.

Where a road and levée ordered by the police jury to be constructed on a tract of land is adjudicated to the proprietor of the land for a certain sum, who complies with the terms of the adjudication, being himself, as proprietor of the land, the first party bound to pay the amount of the adjudication, his claim will be extinguished by confusion.

APPEAL from the District Court of West Feliciana, *Penn*, J. *Elam*, for the plaintiff. *Brunot* and *Bennett*, for the appellants. The judgment of the court was pronounced by

ROST, J. The plaintiff alleges that he was the owner of a tract of land, having ten arpents front on the river Mississippi; that, after the high water of 1844, it became necessary to construct thereon a new levée, which, in conformity with the general regulations then in force, was to be placed at least one arpent from the bank of the river, which levée the petitioner held himself ready and willing to construct whenever directed to do so; that the police jury conceiving that the levée should be placed at more than one arpent from the bank of the river, appointed commissioners to examine the premises, and fix the direction as well as the dimension and probable cost thereof, and as nearly as possible the amount of damages which the petitioner might sustain by the construction of the levée; that the commissioners in their report recommended that a new levée should be constructed at a distance of five arpents from the bank of the river, without making any mention of the damage which the petitioner might sustain thereby, which report was adopted by the police jury and the construction of the levée ordered; that the petitioner notified the inspector to proceed in the manner pointed out by law to ascertain the damage, which he refused to do, and that the said inspector advertized to the lowest bidder the making of the road and levée; that the petitioner attended in person on the day fixed for the adjudication, and when the sum of $15,000 was bid, he determined to abandon to the parish his tract of land, and, to avoid the ruinous consequences that might ensue, claimed the right to become a bidder, and thereupon bid the sum of $14,500, which bid was accepted and no

one bidding a less sum, the constrution of the road and levée was adjudicated to him, and the inspector exacted a bond and surety, which were furnished; that the petitioner faithfully complied with the terms of the adjudication, and that the road and levée made by him were accepted by the inspector, and his bond cancelled and returned to him; that, after the completion and reception of the road and levée, the petitioner made known to the police jury that, in consequence of the placing of the levée five arpents from the bank of the river, he had been damaged in the sum of $6,000, which he requested them to pay, or otherwise to adopt some resolution for referring his claim to an amicable adjustment, all of which they refused to do; whereupon they were more formally notified of the abandonment of the land to them and of the intention of the petitioner to claim the full benefit of his contract, and demand payment of the sum of $14,500; and also of his readiness to make a transfer in an authentic form of the land. The prayer is that judgment be rendered in favor of the petitioner for $14,500, and that the police jury be condemned to accept a title to the land, or that otherwise the petitioner may haye judgment for $6,000, the damages sustained by him on account of the unauthorized location of the levée.

The answer specially denies the existence of any law authorizing the claim for damages set up by the plaintiff, and contains further a general denial.

On the application of the plaintiff the venue was changed, and the case tried before a jury of West Feliciana. At the trial the plaintiff discontinued his claim for damages, and the jury having returned a verdict in his favor for $14,500, the defendants have appealed from the judgment rendered thereon.

This case is free from difficulty. It is unnecesssary to determine whether the plaintiff could abandon the land, no legal abandonment having been shown, and the fact that it was made being inconsistent with the claim of damages set up in the petition. The plaintiff's counsel contends that the law requires no particular form as the evidence of an abandonment, and that it is enough to do some act which manifests the intention of abandoning the possession. C. C. art. 3411, to which he refers us, applies to the abandonment of the possession of moveables only. An abandonment of the title to land must of course be made in writing.

The adjudication has not changed the rights and obligations of the parties to this controversy. The plaintiff stands precisely as he would stand, if he had made the levée when he was directed to do so by the inspector. He would be the first party bound to pay the amount of the adjudication if it had been made to another, and, being at the same time debtor and creditor, his claim is extinguished by confusion.

It is, therefore, ordered that the judgment in this case be reversed, and that there be judgment in favor of the defendants, with costs in both courts.