CHARLES DEAN, adm. *v.* THOMAS H. WADE.

Letters of administration make full proof of the party's capacity until they are revoked. They must have their effect, and the regularity of the proceedings on which; they issued cannot be examined collaterally.

Note alleged to be given to plaintiff, as administrator, for the price of an improvement, or pre-emption on public land — and that plaintiff contracted to make defendant a title thereto. *Held:* Such a contract could only bind plaintiff personally.

APPEAL from the District Court, Tenth District, Parish of Carroll, *Perkins, Jr.*, J. *Drew & Bonner*, for plaintiff. *Selby*, for defendant and appellant.

DUNBAR, J. This suit is brought on a promissory note for fifteen hundred and ten dollars, drawn by the defendant, payable to the legal representatives of *Alfred Dean*, deceased.

To this action the defendant filed several exceptions, only one of which we consider it necessary to notice, in which he alleges that the plaintiff was appointed administrator by the clerk of the District Court of Carroll, out of Term time, after an opposition had been made to his appointment by *Henry A. Burt*, and, consequently, such an appointment conferred no power upon him.

By reference to the order making the appointment, we find it therein expressly stated, that the plaintiff, *Charles Dean*, was appointed after the lawful notice had been given, no opposition having been made, and his letters of administration are in the usual form. "Letters of administration make full proof of the party's capacity, until they be revoked. They must have their effect, and the regularity of the proceedings on which they issued, cannot be examined collaterally." *Rils* v. *Viesti*, 2d Louisiana, 249 ; 2 Annual, 538; *Hogan*, Curator, v. *Thompson*.

The defendant, after his exceptions were overruled, pleaded a general denial, and further alleged that the note sued on was given in part for the purchase of an improvement, or pre-emption on public land, and that plaintiff, as administrator, entered into a written contract with the defendant to make him a title thereto, which he has failed to do. Admitting that the plaintiff, as administrator of *Alfred Dean*, made such a contract with the defendant, it could only bind him personally, and not as administrator; because, in that capacity, he had no right to make any such contract, and the defendant must look to him individually for its performance, or for damages for the breach of it.

· This view of the case will render it unnecessary to notice the several bills of exception, taken by the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.