A. F. DAVIE, Administrator, v. J. H. STEVENS.

The regularity of the proceedings on which letters of administration issued, cannot be inquired into on an exception to the capacity of the administrator to sue.

Where the maker of a note relies on payment before endorsement, or on any other legal defence, the burden of proof of the time of the endorsement rests on him.

APPEAL from the District Court of Ouachita, R. W. Richardson, J. Regenburg & Esseck, for plaintiff. McGuire & Ray, for defendant and appellant.

VOORHIES, J. This is a suit on a promissory note alleged to have been given by the defendant in part payment of a certain plantation and slaves purchased by him from George M. Savage, and by the latter transferred by special endorsement, dated the 20th of June, 1849, to Aaron Vanhook, since deceased.

We do not think the Judge a quo erred in overruling the defendant's exception touching the plaintiff's capacity to sue as administrator of Vanhook's estate. Such objections, it appears to us, could only be entertained in a direct action. It is well settled that "letters of administration make full proof of the party's capacity, until they be revoked. They must have their effect, and the regularity of the proceedings on which they issued, cannot be examined collaterally." 2 La. 249. 2 An. 538. 8 An. 85.

The objection in relation to the authority of the Clerk to grant letters of administration, we think, is clearly untenable. The action of the Judge is only required in cases where opposition is made to the appointment of the applicant. We consider the instrument in evidence, under the signature and official seal of the Clerk, as making full proof of the plaintiff's appointment as administrator of Aaron Vanhook's succession.

The defendant, in his answer, avers that he has just reasons to fear, that he will be disquieted in his possession by the holder of notes given by said Savage, for the same property, for the payment of which the vendor's privilege attached. He therefore prays, that the execution of the judgment which may be rendered against him be stayed until the plaintiff give security against the dangers of said disturbance. This equity is resisted by the plaintiff on the ground, that the note sued upon, which is negotiable, was transferred to the deceased, Vanhook, previous to its maturity. But it is urged by the defendant, that there is no evidence of such assignment; that as a private act, it has no date until produced in court. The rule, as we understand it, is, "that when the maker of a note relies on payment before endorsement, or any other legal defence, the burden of proof of the time of the endorsement, rests on him." 1 N. S. 145. See also 2 Green. Ev. § 172.

It is therefore ordered and decreed, that the judgment of the District Court be affirmed, with costs.