Duson vs Dupre.

## No. 1083.

C. C. DUSON, CURATOR, ET AL. VS. LASTIE DUPRÉ ET AL.

The legality of the appointment of a Curator to a succession cannot be enquired into collaterally. His Letters of administration make full proof of his capacity until his appointment is canceled in a direct action. Reaffirming numerous previous Decisions.

APPEAL from the Thirteenth Judicial District Court, parish of St. Landry. *John N. Ogden*, Judge *ad hoc.*

John E. King for Plaintiffs and Appellants.

Thos. H. Lewis *in pro. per.* and Henry L. Garland for Defendants and Appellees :

A joinder of issue by default or general denial does not, in a petitory action, admit the authority of plaintiff to sue.

The probate court of the parish where the deceased resided and had his domicile has exclusive jurisdiction of the opening and administration of his estate ; and the opening of the succession in another parish is an absolute nullity.

The opening of a succession as a vacant one, and the appointment of a curator and counsel of absent heirs, are absolute nullities, if the heirs are known to the person who has had himself appointed curator, are residents of the State, and have not renounced the succession.

Kenneth Baillio on same side, presented the same defense.

The opinion of the Court was delivered by

POCHÉ, J. C. C. Duson, alleging that he is the curator of the succession of Louis Blanc, and F. F. Perrodin, as the attorney of the absent heirs of the same succession, instituted a petitory action against Lastie Dupré and others, for the recovery of a tract of land situated on Bayou Plaquemine Bruslé, in this parish, as the alleged property of the succession which they claim to represent.

After filing an answer and call in warranty, Lastie Dupré, joined by all his co-defendants, excepted to plaintiffs' action for want of capacity in them to sue, on the ground of the nullity of their appointment by the parish court of St. Landry, for the following reasons :

First. That Louis Blanc, having died in the parish of Orleans, where he resided, the probate court of St. Landry had no jurisdiction over his succession.

Second. That Louis Blanc having left heirs residing in the State,

the probate court could not treat and administer his succession as a vacant estate.

The case was tried on these exceptions, which were maintained by the district court, and the cause was dismissed, from which judgment plaintiffs appeal.

After filing their letters of appointment, plaintiffs objected to the introduction of any evidence tending to show the nullity of the proceedings had in the probate court, in the succession of Louis Blanc, on the following grounds:

1. Because defendants' exceptions came too late, after issue joined, and were not urged *in limine litis*.

2. Because the proceedings of the probate court in the succession of Louis Blanc could not be attacked collaterally, and the letters of administration issued by a competent court make full proof until revoked or annulled in a direct action. The objections were overruled, and the proffered evidence admitted by the judge *a quo*, and plaintiffs reserved their bill of exceptions.

In our opinion the district judge erred in allowing this *collateral attack* on the judgment of the probate court.

Defendants' counsel in their brief admit the correctness of the principle that the validity of letters of administration issued by a competent court cannot be tested collaterally; but they contend that the rule is subject to exceptions, one of which is in a petitory action, wherein the capacity of a curator or administrator to sue can be assailed by the defendant.

Defendants' position could be maintained if the appointment of the curator was absolutely void, and the nullity apparent on the face of the papers and of the pleadings. But such is not the case here, as evidenced by the course of defendants themselves, who not only rely upon voluminous testimony in support of their attack, but even obtain a continuance of the cause for the avowed purpose of procuring such evidence.

The late parish court of St. Landry had probate jurisdiction, and was exclusively competent to grant and issue letters of administration in all successions properly opened in that court. Defendants contend that this succession was not properly opened in that court, for the reasons urged in their exceptions. This denial presents a question of fact: that the deceased was not a resident of this parish, and that having left heirs who were residents of this State, his succession was not vacant so as to necessitate or justify the appointment of a curator.

But the investigation of these facts requires a re-opening of the case and an examination into the motives and reasons which prompted the course of the probate judge in the premises.

These questions can be looked into and adjudicated upon only in a

direct action before the same court. or before the tribunal now vested with original probate jurisdiction in the parish of St. Landry. No principle of our jurisprudence is more firmly established than the following : "Letters of administration make full proof of the party's capacity until they be revoked. They must have their effect, and the regularity of the proceedings on which they issued cannot be examined collaterally."

This rule was laid down in the early days of our jurisprudence, and has been sanctioned, confirmed, and consecrated by an unbroken line of decisions of this Court down to the present day. 2 L. 249 ; 2 A. 538 ; 8 A. 35 ; 10 A. 496 ; 26 A. 330 ; 28 A. 807 ; 30 A. 263.

The case reported in 3 A. 261, and mainly relied upon by defendants, is not applicable to the case at bar ; in that case the right of appointment of a party applying for the administration of a succession was the point involved in the issue.

The view which we take of this case obviates the necessity of reviewing the other points raised in the pleadings.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed ; and it is ordered that defendants' exceptions be overruled, and that this case be remanded to the lower court to be proceeded with in accordance with the views herein expressed, and according to law, and that the defendants pay costs thus far incurred in both courts.