## No. 1170.

### THOMAS C. ANDERSON vs. C. C. DUSON, SHERIFF, ET ALS.

A forced respite cannot be attacked collaterally by a creditor, on the ground that the debtor has violated the terms thereof.

Such a respite resulting from a judgment must stand and remain in full force, until avoided or set aside in a direct action.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Hudspeth*, J.

*Albert Voorhies, F. F. Perrodin, C. W. DuRoy* and *F. G. Ulrick* for Plaintiff and Appellee.

*H. L. Garland* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. The following are the facts and pleadings in this case:

By judgment of this Court, rendered in July, 1881, (33 An. 1156) plaintiff Anderson obtained a forced respite against his creditors.

Anderson vs. Duson et als.

The respite had been applied for in 1879, but the order of the District Court granting the same, after two different appeals, and a protracted resistance on the part of the minority of the creditors, became final only in 1881. Under its terms the debtor was allowed a respite of three years, which must be computed from July, 1881. C. C. 3091.

During the year 1882, several creditors having issued execution on their respective judgments against Anderson, the latter instituted injunction proceedings, in which he set forth the respite which he had obtained, and the fact that it had not yet expired, and in which he averred that, if his respite imported three annual instalments, he had not been put in default for the first instalment.

The defendants in injunction met these pleadings by a general denial, coupled with the averment that they were proceeding to reclaim their rights according to law against Anderson, when they were illegally enjoined in these proceedings, to their great damage in the sum of five thousand dollars, for which they prayed judgment. They also urged the insufficiency of the bond of injunction, but we understand that this point is virtually abandoned on appeal.

The judgment of the District Court perpetuated the injunction, and defendants have appealed.

In his brief, defendants' counsel takes the position that the failure of the debtor to comply with the terms of his respite, particularly in failing to pay the first annual instalment at its maturity, was a legal justification of their execution of their judgments.

But we note that in his answer he completely fails to aver such or any other justification for ignoring the respite shown by the record, and which he does not even dispute or deny.

Conceding that a violation of the terms of the respite by the debtor could avail the creditor and justify a collateral attack on the proceeding, the plainest rules of evidence should at least require of the seizing or complaining creditor allegations of the grounds of his attack. These views might be sufficient to dispose of the defendants' case.

But this objection is not urged by plaintiff's counsel, who join issue with the defendants in their argument on the question of the effect of his failure to meet the first annual instalment maturing in July, 1882, under the terms of the respite. They may have considered that defendants' general denial sufficiently traversed their allegation in justification of plaintiff's failure to meet his first annual instalment, so as to present the issue of the creditor's legal right to ignore the respite whenever it is violated by the debtor, and to proceed at once with the execution of his judgment. We adopt that view, and shall now proceed to discuss this proposition.

Anderson vs. Duson et als.

The respite in this case is known in our Code as the forced respite, which derives its binding force and effect from the judgment of the court which homologated the proceedings of the meeting of the creditors. Without such a judgment, rendered contradictorily between the debtor and his creditors, there can be no forced respite. C. C. 3086, 3091.

The effect of this judgment is to create a judicial contract between the debtor and all his creditors, by which the debtor is allowed a delay for the payment of the sums which he owes them. Hence it is, that the creditors who were unwilling to allow time or delay to the debtor became legally subjected to the terms dictated by the majority of the creditors. Morgan vs. Nye, 14 An. 30.

As the debtor's property is the common pledge of his creditors, and as the contract is binding on all the creditors, the law did not and could not contemplate to confer on any one creditor, the right of annulling the contract without judicial process, on the ground of its alleged violation by the debtor, and to proceed to apply the property thus restored to the possession of the debtor, to the satisfaction of his individual debt. The defendants in this case do not even pretend to be privileged creditors, and hence they cannot, in fact they do not, claim immunity under the provisions of Art. 3095 of the Civil Code.

Besides, the contract which the defendants seek to avoid and annul in this collateral manner, is the result of a judgment, which they do not even charge to be null on its face, and which must certainly remain in full force until avoided or set aside in a direct action.

This principle is firmly imbedded in our jurisprudence, and has been frequently applied to judgments rendered at chambers, not contradictorily with the parties assailing the same, such as orders of appointment of administrator, executors and such fiduciary officers. Duson, Curator, vs. Dupré et al., 32 An., and authorities therein quoted.

In a recent case this Court held, that a final judgment recognizing a homestead right remains in full force until set aside in a direct action ; such judgment cannot be attacked collaterally. Colvitt vs. Williams, 35 An. not yet reported.

We therefore hold, that the creditor who complains of his debtor's violation of the terms of his respite must have recourse to a direct action, if he desires to avoid or set aside the judgment under which the respite was obtained. And we understand this ruling to be in the interest of the other creditors, whose rights would otherwise be unprotected and probably jeopardized.

Under such a ruling the creditors are not left at the mercy of a designing or dishonest debtor whose property is restored to his posses-

sion and administration under the effects of a respite. Article 3093 of the Civil Code provides ample protection for the minority creditors by means of a bond, which they may require of the debtor with a view to secure a faithful administration and account of his property.

Under the views which we have taken of this case, we find no necessity to pass upon a bill of exception taken by plaintiff to the admission of testimony to show a wrongful disposition by him of some of his property.

We note his motion for an amendment of the judgment appealed from, with a view to recover attorneys' fees as damages occasioned by the defendants' wrongful seizure. The doctrine that such damages cannot be allowed in the same suit in which the injunction is obtained is now well settled.

It was recently reviewed and reaffirmed by this Court in the case of Wm. S. Campbell vs. John P. H. Short, on injunction of F. C. Wilson, 35 An. not yet reported. We there held : " the damages should be estimated and attested according to the condition of affairs existing before and up to the institution of the suit, and a party is not entitled to recover expenses incurred for fees of counsel and expenses of attending the trial," etc.

But plaintiff's right to claim such damages in a direct action should be reserved, and we shall amend the judgment in this particular. The judgment appealed from is therefore amended, in so far as it absolutely rejects plaintiff's claim for damages, which demand is denied, as in case of non-suit, and as thus amended, said judgment is affirmed at appellants' costs.