## No. 9677.

### SUCCESSIONS OF ZENON AND ELISE LABAUVE.

An appeal does not lie from an order commanding an administrator to shew cause on a given day why he should not be ordered to furnish additional security for the faithful performance of his official duties. No irreparable injury can be wrought him by a mere order to shew cause. *Non constat* that on the trial of the rule it will be discharged and his bond will be found sufficient.

APPEAL from the Twenty-third District Court, Parish of Iberville. *Talbot*, J.

*A. Talbot* and *Jonas & Nixon* for the Administrator, Appellant.

*A. Hebert* and *F. E. Grace, contra.*

The opinion of the Court was delivered by

MANNING, J. One of the heirs of these two successions moved for a rule on D. J. Campbell, the administrator, to shew cause why he should not be ordered to furnish an additional bond, and the rule was ordered to issue. The administrator moved to rescind that order, which being refused he appeals.

## ON MOTION TO DISMISS.

The grounds of the motion are:

1st. "That the motion to rescind is in the nature of an exception of no cause of action, and was tried on the face of the papers without evidence."

If the motion to rescind is in the nature of an exception of no cause of action, it was properly tried on the face of the papers without evidence. There is no other way to try that exception.

2d. That the order overruling the motion to rescind is interlocutory and works no irreparable injury, and that the rule has not been tried on its merits.

That ground is well taken.

The motion for the rule opens with irrelevant and unnecessary allegations, such as that the administrator had qualified under a bond never approved by the court, that the sureties are non-residents of the parish, that he has not administered the estate with care and prudence and has made payments or distributions in an arbitrary manner, and the like—all tending so to confuse the mover's pleading that until we read his concluding allegation and his prayer for relief it seems doubtful whether his motion has not for its object the removal or destitution of the administrator, which would ensure its dismissal under the rule recognized in Succession of Sullivan, 25 Ann. 474, and Succession of Calhoun, 28 Ann. 323.

The last and substantive allegation is that a plantation belonging to the successions has lately been sold and the proceeds thereof are in the hands of the sheriff, and that the mover believes and has reason to fear that these proceeds will be lost to the estates if they are suffered to go into the hands of the administrator under the existing condition of his bond. Then follows the prayer, and the nature of the proceeding is determined by the relief sought therein :

"Wherefore your appearer moves the court and prays for a rule to issue commanding said administrator, within a delay to be fixed by the court, to shew cause why he should not furnish an additional bond with good and solvent security conditioned according to law, before the amount now in the hands of the sheriff of this parish shall be paid to him ; and your appearer prays that the sheriff be ordered to hold said sum during the pendency of this rule and until the further order of this court."

This shews that the relief sought is that sanctioned by Sec. 10 Rev. Stats., which authorizes any person interested to require an administrator to give new and additional security for the faithful performance

of his duties as often as the court, on motion to that effect, may judge it to be necessary.

The rule was ordered to issue commanding the administrator to shew cause on the first day of the next term why he should not furnish additional security, and the sheriff was ordered to retain in his hands the proceeds of sale of the plantation, but should the administrator furnish additional security approved by the court pending the rule, then that the funds in the sheriff's hands be turned over to him.

The appeal is really from this order, although in form it is from an order refusing to rescind it.

The terms of the order shew that irreparable injury cannot be done by it. *Non constat* but the rule will be discharged on trial and his bond will be adjudged sufficient. The administrator has not been ordered to furnish the security or be dismissed. It has not been decided that he shall furnish additional security, nor that the mover has established the truth of his allegation of insecurity of the funds under the administrator's bond as it now stands. The order is merely that he shew cause why he should not be ordered to give additional security, and meanwhile that the sheriff keep the particular fund lately realized. But as if to deprive the administrator of any cause of complaint, and to exhibit unmistakably the lower judge's conception of the nature of the proceeding, he added to his order that the administrator should receive the fund before any trial of the merits of the rule if he should give security approved by the court.

When the trial of the rule has been had below, and the evidence has been submitted and there has been judgment, the party injured thereby may be entitled to an appeal, but just now it is premature.

The appeal is dismissed.

### DISSENTING OPINION.

Poché, J. I think that the motion to dismiss this appeal should have been denied.

Conceding that the motion to rescind the orders issued against the administrator should be treated in the light of an exception, I find that on the trial appellant had filed in evidence his letters of administration, and among the numerous allegations contained in the rule, and which are declared by the majority as irrelevant, I find none which points out any defect in the bond, occurring since the letters of administration had been issued. As those allegations make up the only grounds of the rule, and they are discarded as irrelevant, it appears that there are no allegations at all.

Now, our jurisprudence has settled the rule that "letters of administration make full proof of the party's capacity until they be revoked. They must have their effect, and the regularity of the proceedings on which they issued cannot be examined collaterally." Duson vs. Dupré, 32 Ann. 898, and authorities therein cited.

It follows, therefore, that the allegations in the rule, which were a collateral attack on the validity of the letters of administration, were not sufficient to disclose a legal cause of action, even under Section 10, Rev. Stat., and that the administrator's exception should have been maintained, and hence that he has suffered irreparable injury from a judgment which thus allowed a collateral attack on his capacity.

Under the allegations that his bond was void *ab initio*, the order made against him to furnish a new bond implies the judicial assertion that his bond is defective and that his office should be vacated.

As a consequence of that order, the effect is to withhold from him the funds belonging to the successions which are under his administration, which is thus paralyzed.    He is suspended from his functions *quoad* those funds. and it is easy to see that he may thus be irreparably injured.

If he cannot at this time appeal from a judgment which produces such effects, it is difficult to perceive at what time or at what stage of the proceedings the right to appeal will accrue so as to afford him effective protection.

I therefore dissent from the opinion and decree of the majority.