SOMMERVILLE, J.
Plaintiff sues defendant to compel him to accept title to property located in the city of New Orleans, which defendant agreed to buy, and to which he refuses to accept the title tendered. Defendant appeals from an adverse judgment.
The property in controversy appears to have belonged to Victor Defoux at one time-, *29 who sold it to' A. De Rosa May 4, 1837. It appears to have been assessed in the name of Defoux after the sale to De Rosa, and it was forfeited to the state under the assessments for the taxes of years 1S71 to 1877, inclusive; and it was adjudicated to the state in 1885 for the taxes of 1882. The title of the state passed, in 1894, to plaintiff’s author in title, and by mesne conveyances, to the plaintiff in this suit, in 1904; and plaintiff and its authors have had possession of the property since 1S94.
The defendant filed an answer, in which there are many defenses, alleging that the property had not been properly assessed in the name of De Rosa; that it was assessed in the name of Defoux, and illegally forfeited and sold to the state under those assessments; that De Rosa disappeared more than thirty years before the assessments were made, for which the property was forfeited and sold; that the presumption is and was that De Rosa died prior to 1871; that his succession was vacant, and the property thereof belonged to the state of Louisiana; that prescription does not run against the state, and if De Rosa were to return and demand the property, or, being dead, his heirs should .demand the property from the state, that their rights would be prescribed by thirty years; that, if the court should declare the De Rosa succession not to be a vacant succession, then that the property had been abandoned, and had been therefore the property of the state prior to the time that the state acquired title by the forfeitures and sale to it; that if the property was in private ownership, at the time that the state took title for unpaid taxes, said forfeitures and tax sales are null, void, and of no effect, because the property was not assessed in the name. of the real owner, and no notice of seizure was given to the owner of the property; and that plaintiff’s title is therefore not good and valid, and that he is justified in refusing to accept the title tendered.
The defenses are numerous and contradictory ; they destroy one another.
[1] The abandonment suggested by defendant would have to be in writing; and there is no allegation of the existence of any such document. The other allegations in the answer destroy the defense of abandonment. The abandonment referred to in article 354S, Civil Code, applies only to movables, and not to immovables. Hereford v. Police Jury, 4 La. Ann. 172.
[2] Defendant says:
“Both plaintiff and defendant assume that A. De Rosa is dead, and this court must do likewise, for the reason that De Rosa purchased the property in 1837, when he must have been at least twenty-one years of age, and, if living today, would be ninety-eight years old. The death of a person one hundred years old is always presumed.”
The assumption of plaintiff and defendant that De Rosa is dead is not borne out by any evidence whatever. They assume that he was twenty-one years of age in 1837, when he bought the property in dispute, and that he would now be ninety-eight years old. But he would not be one hundred years old; and, in the language of counsel, “the death of a person one hundred years old is always presumed.” But, until it is shown that an absentee is one hundred years old, his death will not be presumed; and, as one hundred years are not shown to have elapsed since De Rosa was born, the law does not presume him to be dead.
“An absentee is presumed to live until the contrary is proved; otherwise the absence must be such that the life of a man, who may live one hundred years, should be presumed to have ended. 1 Eerriere, 13, verbo Absens. * * * These principles are drawn from the Roman Law.” Hayes v. Berwick, 2 Mart. (O. S.) 138, 5 Am. Dec. 727; Owens v. Mitchell, 5 Mart. (N. S.) 667; Babin v. Phillipon, 3 La. 374; Martinez v. Succession of Vives, 32 La. Ann. 305.
Defendant does not attempt to fix the date of the birth of De Rosa; yet he asks the *31 court to assume the latter to be dead. He asks that we assume further that De Rosa did not part with title to the property after he acquired it; that he died intestate, and without heirs, leaving the property in dispute; that there was a succession, or that there is to be one in 1916; that said succession was, or is to be, irregular or- vacant; or that the property was abandoned; further that the state became the owner when De Rosa died, or that it will become owner in 1916, when De Rosa may be presumed to be dead; and that De Rosa will not make a will before he dies, or before the time when he may be presumed to be dead.
These things we cannot do. The presumption is, in absence of any proof, that De Rosa is alive; and that he was the owner of the property at the date of the forfeitures and sale to the state of Louisiana- for delinquent taxes on his property. He having been the owner at those dates, he, and one claiming through him, cannot be heard to attack the validity of the assessments or forfeitures or sale of his property for delinquent taxes.
If De Rosa or his heirs should reappear, they will be confronted with plaintiff’s title, the forfeitures for taxes, and the adjudication of 1885, as. muniments of title, and of plaintiff’s actual possession of the property since 1894, supported by the prescription of ten years.
The prescription of three and ten years have rendered plaintiff’s title immune from attack.
Defendant says that he relies upon the decision of this court in the case of Cordill v. Quaker Realty Co., 130 La. 933, 58 South. 819. But in that case a succession was under administration, whereas in this case there is - no succession. Besides, the facts in that case, and the law applicable thereto, have no place whatever in this case.
Judgment affirmed.