(91 South 408)

No. 24616.

## CHRONOS LAND CO., Inc., v. CRICHTON et al.

(March 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Abatement and revival &#9758;5—Petitory action may be brought by one against whom possessory action pending.**

Under Act No. 202 of 1920, amending and re-enacting Code Prac. arts. 55, 56, one sued in a possessory action may bring a petitory action for the same land prior to the judgment in the possessory action.

2. **Abatement and revival &#9758;15—Petitory action does not affect possessory action, unless plaintiff successful when possessory action abates.**

A petitory action brought pending a possessory action against plaintiff under Act No. 202 of 1920, amending and re-enacting Code Prac. arts. 55, 56, does not affect the possessory action, unless plaintiff is successful in the petitory action, in which event the possessory action, if still pending, will abate.

3. **Abatement and revival &#9758;5—Amendatory act, permitting petitory action where possessory action pending, repeals former prohibition against such action.**

Act No. 202 of 1920, amending and re-enacting Code Prac. arts. 55, 56, and permitting a petitory action to be brought by one against whom a possessory action is pending, necessarily conflicts with and repeals the prohibition contained in such articles prior to the amendment, especially as it was the clear intention of the Legislature that the articles as amended and re-enacted should be substituted for the old.

4. **Statutes &#9758;117(8)—Title of act amending and re-enacting articles of Code of Practice held sufficient.**

The title of Act No. 202 of 1920, entitled "An act to amend and re-enact articles 55 and 56 of the Revised Code of Practice of 1870," sufficiently indicates the object of the act within Const. 1913, art. 31.

5. **Constitutional law &#9758;106—Act permitting petitory action while possessory action pending does not unconstitutionally impair rights.**

Act No. 202 of 1920, amending Code Prac. arts. 55, 56, to permit a petitory action by one against whom a possessory action is pending, is not unconstitutional as impairing the rights of persons instituting a possessory action prior to the enactment of such act, as it merely pertains to the remedy.

6. **Corporations &#9758;32(7)—Secretary of State's certificate held to raise presumption overcoming evidence that corporation not legally organized.**

Under Act No. 267 of 1914, § 2, the certificate of the Secretary of State attached to a charter of incorporation raised a presumption of legal corporate existence, overcoming evidence of the absence of any record of the conveyance of the land mentioned in the charter as having been conveyed in payment of stock, especially where it is probable that there was only a misdescription of the land in the charter.

7. **Adverse possession &#9758;40—Prescription; grantor, by merely resuming possession and paying taxes, cannot acquire title in less than 30 years.**

Though a grantee of land and one to whom he conveyed failed to pay therefor, the grantor could not acquire title thereto in less than 30 years by merely resuming and holding and paying taxes without any reconveyance, and without the knowledge or acquiescence of the grantee or his successor in title who was the owner of record.

8. **Frauds, statute of &#9758;63(1)—Parol evidence not admissible to show abandonment or surrender of premises.**

As against those claiming under a legal chain of title from former owners of land, it cannot be shown by parol evidence that they abandoned or surrendered the property to an earlier owner who had not been paid for the land, as, under Civ. Code, art. 2275, title to real estate cannot be established by parol.

9. **Deeds &#9758;77—Sales; deed cannot be collaterally attacked when parties to deed not parties to suit.**

In a petitory action, where the deeds under which plaintiff claims are valid on their face, and the parties thereto are not parties to the suit, they cannot be collaterally attacked as secured by misrepresentation and without payment of the purchase price, as a deed valid on its face may only be attacked by one having an interest to do so in an action to which the parties to the deed are made parties.

Appeal from Third Judicial District Court, Parish of Claiborne; J. E. Reynolds, Judge.

Action by the Chronos Land Company, Inc., against Thomas Crichton and others. Judgment for plaintiff, and defendants appeal. Affirmed.

L. K. Watkins, of Minden, for appellants.

Clifton F. Davis and George H. Holder, both of Shreveport, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

OVERTON, J. This is a petitory action, instituted to recover certain land in the parish of Claiborne.

Defendants excepted to the suit, on the ground that at the time it was filed there was pending on appeal the case of Thomas Crichton, Jr., et al. v. T. K. Giddens et al., which was a possessory action brought by defendants herein to be quieted in the possession of the same land, and upon the ground that the company in this suit is composed of the defendants in the possessory action; that it had notice of the pendency of the latter, is bound by it, and is without right to institute a petitory action during the pendency of the possessory action.

[1-3] Prior to the enactment and promulgation of Act 202 of 1920, amending and re-enacting articles 55 and 56 of the Code of Practice, a person who had been sued in a possessory action could not bring a petitory action until after judgment had been rendered in the former, and, if he were condemned, until after he had made settlement, but since the passage of that act he may do so; and his doing so will not affect the possessory action unless he should be successful in the petitory, in which event the possessory action will abate, if still pending. Defendant, however, contends, in effect, that the Act of 1920 does not repeal the prohibition against the institution of a petitory action during the pendency of a possessory, to be found in the codal articles mentioned. The permit, however, granted by the act to institute the petitory necessarily conflicts with the prohibition in the codal articles against doing so; and, as the act repeals all laws, or parts of laws, in conflict with it, the prohibition is repealed. It may be added that it was the clear intention of the Legislature that the articles, as amended and re-enacted, should be substituted for the old.

[4] Defendants have pleaded that the act of 1920 is unconstitutional on two grounds, one of which is that its object is not stated in its title, as required by article 31 of the Constitution of 1913, under which the act was passed. Its title is:

"An act to amend and re-enact articles 55 and 56 of the Revised Code of Practice of 1870."

This title clearly indicates the object of the act. Similar titles have been frequently held sufficient. State v. Garrett, 29 La. Ann. 637; State v. Barrow, 30 La. Ann. 657; State v. Brown, 41 La. Ann. 771, 6 South. 638; State v. Judge, 49 La. Ann. 1535, 22 South. 761; State v. Bazile, 50 La. Ann. 21, 23 South. 8; State v. Cognevich, 124 La. 414, 50 South. 439; State v. Land, 131 La. 611, 59 South. 1007.

[5] The second ground, upon which the alleged unconstitutionality of the act is based, is that it impairs the rights granted by law to defendants, in that, at the time they instituted their possessory action, the plaintiff herein was prohibited from instituting a petitory action until the termination of the possessory, and that the act of 1920 deprives them of the benefits of that prohibition by permitting the institution of a petitory action during the pendency of a possessory, of which right plaintiff has availed itself. That act, however, merely pertains to the remedy, and in no manner impairs the rights which the possessory action was intended to enforce under the old law. It merely changed the time at which the petitory action could be

instituted. In doing so it preserved all of plaintiff's rights under the possessory action, and therefore left him with adequate means to enforce his right to the possession of the property, not interfering in the least with that action. The act, therefore, is not unconstitutional on that ground. Morgan's, L. & T. R. & S. S. Co, v. Railroad Commission, 138 La. 377, 70 South. 332; Todd v. Landry, 5 Mart. (O. S.) 459, 12 Am. Dec. 479; Baldwin v. Bennett, 6 Rob. 309.

[6] The defendants attack the corporate existence of plaintiff, setting forth as the grounds of attack that its charter has never been legally published; that no part of the capital stock has been paid for, either in money or by the transfer of property to it; that there were no bona fide subscriptions for stock; and hence that the corporation is a myth and a sham.

The only evidence found in the record, in support of these averments, is to the effect that an examination of the conveyance records of the parish fails to disclose the transfer of the land mentioned in the charter, as having been conveyed to the corporation in payment of stock. On the other hand, it appears that the land here in litigation was transferred to the corporation by its charter members; and that the description of the land mentioned in the articles of incorporation compares with the description set forth in those transfers, save that where section 28 is stated in the list of property attached to and made part of the charter, section 27 is stated in the deeds, and vice versa. These facts, considered in connection with the further fact that defendants complain that the purpose of the creation of the plaintiff corporation was to acquire the property in contest, to say the least, is strongly suggestive of the fact that there is merely a misdescription of the land stated in the list of property attached to the charter, in describing the sections in which it is located, by using the numeral 27 where 28 is used, and vice versa. Beyond this, there is attached to the charter of incorporation the certificate of the Secretary of State, required by section 2 of Act 267 of 1914, which, as provided by that section, is prima facie proof that the corporation has been legally organized and has existence as such. Therefore whatever right defendants may have to make the attack they have made in this case on plaintiff's corporate existence, the evidence, in support of that attack, is overcome by the presumption of its legal corporate existence flowing from the certificate of the Secretary of State.

Plaintiffs claim the land, in contest, by a regular chain of conveyances from W. P. Larry and Thomas Crichton, Sr., who composed the firm of Larry & Crichton. In so far as it is necessary to state plaintiff's title, it is as follows: Larry & Crichton, by notarial act of sale, sold the property to J. T. Knighton, in 1886, on terms of credit; Knighton sold it 2 years later to Burton Jeffers, on credit. J. T. Knighton and the heirs of Thomas Jeffers and his widow and heirs sold the property in 1920 to others. Plaintiff has a regular chain of title from those vendees.

[7, 8] Defendants claim the property as heirs of Thomas Crichton, Sr., who, they allege, was the successor of Larry & Crichton. They admit the sale to Knighton and also the one from Knighton to Jeffers, but contend that these parties could not pay for the property, and therefore surrendered it to Crichton for that reason. There is, however, no deed, showing a retransfer of the property, and defendants confess that they have none, but aver that they have been in possession for nearly 30 years, to the knowledge and with the acquiescence of Knighton and Jeffers. The evidence establishes that Jeffers, about 2 years after he purchased the property, left on account of some trouble, leaving his wife and children on the place;

that some time after this the wife and children of Jeffers left; that thereafter Crichton took possession and held the property as owner; paying taxes thereon. After his death his heirs continued to hold the possession thus taken, Crichton and his heirs holding possession adverse to Jeffers for approximately 25 years. It does not appear, however, that they did so with the knowledge or acquiescence of Jeffers, who was the owner of record, or, for that matter, of Knighton, to whom Crichton had sold.

While it may be that Knighton or Jeffers never paid for the property; still, one who has parted with real property, although on terms of credit, cannot acquire title thereto, in less than 30 years, by merely resuming and holding possession thereof and paying taxes thereon. Under the circumstances, if Knighton and Jeffers had been willing to surrender to Crichton the property, he should have secured a deed reconveying it to him, and should have placed the deed of record. This, he did not do; and therefore, when his heirs, the defendants herein, were confronted with the title, emanating from Knighton and the widow of Jeffers and his heirs, they were forced to resort to parol evidence to show that Knighton and Jeffers had abandoned or surrendered to Crichton the property. To this evidence plaintiff objected. The objection was well made. Parol evidence was not admissible to show such a surrender, for it is not admissible to establish title to real estate. C. C. art. 2275. Even the abandonment of title to real estate must be proved by written evidence. Hereford v. Police Jury, 4 La. Ann. 172; Quaker Realty Co., Ltd.; v. Starkey, 136 La. 28, 66 South. 386, L. R. A. 1915D, 176. While the objection should have been maintained, yet the evidence admitted fails to show the surrender of the property to Crichton. This leaves defendants without any title, for they do not claim title by prescription. Even if they had pleaded prescription, they have not had possession sufficiently long to acquire title in that manner.

[9] Defendants attack the sales made by the widow of Jeffers and his heirs on the ground that the deeds from them were secured by misrepresentation, and that the purchase price was not paid. The deeds are valid on their face. They are not absolutely null. The parties to those deeds are not parties to this suit. The attack on them is collateral. A deed not absolutely null, but valid on its face, may be attacked only by one having an interest to do so, in an action, to which the parties to the deed are made parties.

Therefore, finding that plaintiff has established its demand, the judgment appealed from is affirmed, appellant to pay the costs.