170 So. 26

**SOULE** et al. v. **WEST** et al.

No. 33798.

May 25, 1936.

Rehearing Denied Oct. 6, 1936.

See, also, 180 La. 1092, 158 So. 567.

James Wilkinson, Hugh M. Wilkinson, A. Miles Coe, and Bernard J. Daly, all of New Orleans, and J. O. Modisette, of Jennings, for appellants.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellees George West and H. C. Walker, Jr.

J. S. Atkinson, Frederick E. Greer, and Herold, Cousin & Herold, all of Shreveport, and John E. Green, Jr., of Houston, Tex., for appellee Gulf Refining Co. of Louisiana.

LAND, Justice.

Plaintiffs are the heirs of full age of George Lee Bridgeman and his wife, Ada Bridgeman, both deceased.

They sue to recover an undivided one-half interest in 91 acres of land in sections 18, 19, and 20, township 21 N., range 7 W., situated in Claiborne parish in this state, and also in the oil produced from the property. The land in dispute is the same described in deed dated November 29, 1907, from James Harris to Ada Bridgeman, tutrix, recorded in conveyances of Claiborne parish, Book X, page 180. Up to 1889 the title was in Thornton Bridgeman, the grandfather of these plaintiffs.

Plaintiffs themselves offered a deed from Thornton Bridgeman to Isom McGee of date January 12, 1889. Isom McGee was therefore the fee owner of the property

on January 12, 1889. Plaintiffs have neither alleged, nor attempted to prove, that Isom McGee ever sold or otherwise legally disposed of this property.

■ Plaintiffs' attempt to show by parol that Isom McGee abandoned the ownership of the property to their father utterly failed, on objection to such evidence, as neither title nor abandonment of title can be shown otherwise than by written evidence.

Civ.Code, art. 2275; Hereford v. Police Jury, 4 La.Ann. 172; Quaker Realty Company v. Starkey, 136 La. 28, 66 So. 386, L.R.A.1915D, 176; Chronos Land Co. v. Chrichton, 150 La. 963, 91 So. 408.

■ On plaintiffs' own showing, the outstanding title is in a third person, a sufficient defense in a petitory action.

Besides, the Gulf Refining Company shows that it acquired all the rights of the lessees of Lillie Gussie Taylor, who was recognized by this court in Taylor v. Allen, 151 La. 82, 107, 91 So. 635, as the sole heir of Lona McGee, the mother of Mattie McGee, the sole legal heir in turn of Isom McGee.

That Mattie McGee was the sole legal heir of Isom McGee and that she left Lona McGee as her sole heir was again adjudicated by the district court in the unappealed case of McGee v. West, No. 5,-421 on its docket, the record in which is in evidence here and occupies volume 3 of the transcript. That Lillie Taylor, by virtue of being the sole heir of Lona McGee, was the owner of the property was recognized by Judge Jack in the judgment signed by him and offered in evidence on the trial of this case. Tr., pp. 471, 472.

■ Plaintiffs must need go out of court, as the Gulf Refining Company shows by judicial records and by authentic evidence that it holds under a lease from all of the parties who could claim any rights under Isom McGee.

■ (2) Plaintiffs allege a title from their father, George L. Bridgeman, to James Harris. That deed is of date January 12, 1904. George L. Bridgeman was the son of Thornton Bridgeman. Under the deed from his father, Thornton Bridgeman, the title to the property in 1904 was undoubtedly in Isom McGee or his heirs. George L. Bridgeman had, therefore, on plaintiffs' own showing, no title to convey to Harris.

Harris executed the deed to Ada Bridgeman, tutrix, under which plaintiffs claim, on November 29, 1907. At that time, title was not in Harris, but in Isom McGee's heirs. Ada Bridgeman, individually and as tutrix, sold to George West in April, 1914. At that date, title was in Isom McGee's heirs, and there was no possible interest in the property for the Bridgemans to convey to West, for the plain reason that the Bridgemans had no title to convey.

(3) All that West could possibly have acquired by his purchase was possession and an opportunity thereby to acquire the property by prescription.

■ Plaintiffs allege that the Gulf Refining Company went on the property in 1919 under a lease from West, and that it has continuously retained possession

since that date. The lessee's possession is that of the lessor. The present suit was filed August 29, 1934. The testimony in the case clearly shows that West had been cultivating the land since 1914, five years prior to his lease to the Gulf Refining Company, and has continued to cultivate it. We find nothing in the record to dispute the good faith of West, which is legally presumed and also proved. Civ.Code, art. 3481.

■ Accordingly, West, having been in possession of the property for more than ten years under a title translative of property and in good faith, has acquired title by the prescription of ten years. Civ. Code, arts. 3457, 3458, 3478; Capra v. Viola, 172 La. 731, 135 So. 41; Leonard v. Garrett, 128 La. 535, 54 So. 984; Bernstine v. Leeper, 118 La. 1098, 43 So. 889.

(4) The deed to George West, of date April 2, 1914, was executed by Thornton Bridgeman, "appearing herein for and on behalf of the minor heirs of his brother, Geo. Lee Bridgeman, as Under Tutor, as authorized by advice and recommendations of a family meeting held in the interest of said minors, and as agent for Mrs. Ada Bridgeman, per power of attorney hereto attached, resident of the Parish of Claiborne, State of Louisiana."

Plaintiffs attack the tutorship proceedings as null for four reasons:

1. Want of jurisdiction.

2. Because the clerk was without authority to call a family meeting and homologate its proceedings.

3. Because the undertutor was incapable of acting for the minors.

4. Because the family meeting did not fix the terms of the sale.

■ There can be no doubt that the probate court of Claiborne parish had jurisdiction to open the tutorship, to confirm Mrs. Bridgeman as natural tutrix, and to appoint T. C. Bridgeman undertutor. George Lee Bridgeman, the father of plaintiffs, died in that parish intestate on or about August 21, 1907. His surviving widow, petitioners' mother, was confirmed as natural tutrix on or about August 27, 1907.

Contention is made that the court lost jurisdiction because Mrs. Bridgeman subsequently moved from that parish.

All testimony to support this contention was objected to by defendants, on the ground that this was a collateral attack upon her authority as natural tutrix by evidence dehors the record, as against third persons acting upon the record, twenty odd years after the date of the sale.

As said in Duson v. Dupre, 32 La.Ann. 896, at pages 897, 898: "The late parish court of St. Landry had probate jurisdiction, and was exclusively competent to grant and issue letters of administration in all successions properly opened in that court. Defendants contend that this succession was not properly opened in that court for the reasons urged in their exceptions. This denial presents a question of fact: that the deceased was not a resident of this parish, and that having left heirs who were residents of this State, his succession was not vacant so as to necessitate or justify the appointment of a curator. * * *

"These questions can be looked into and adjudicated upon *only in a direct action* before the same court or before the tribunal now vested with original probate jurisdiction in the parish of St. Landry. No principle of our jurisprudence is more firmly established than the following:

" 'Letters of administration make full proof of the party's capacity until they be *revoked.* They must have their effect, and the regularity of the proceedings on which they issued cannot be examined *collaterally.'*

"This rule was laid down in the early days of our jurisprudence, and has been sanctioned, confirmed, and consecrated by an unbroken line of decisions of this Court down to the present day. (Rils v. Questi) 2 La. 249; (Hogan v. Thompson) 2 La. Ann. 538; (Dean v. Wade) 8 La.Ann. 85; (Davie v. Stevens) 10 La.Ann. 496; (Succession of Carlon) 26 La.Ann. [329] 330; (Morgan v. Locke) 28 La.Ann. [806] 807; (Succession of Dougart) 30 La.Ann. 268." (Italics ours.)

■ Where the court has jurisdiction ratione materiæ, sales made under its authority may not be attacked for want of authority of an administrator, executor, tutor, or curator, and such authority may not be collaterally disputed even where the attack is "that the appointment of the tutor had been made by a Court other than that of the domicile of the minor."

Robinson v. Scharfenstein & Son, 148 La. 364, 86 So. 915; Anderson v. Duson, 35 La.Ann. 915, 917; State ex rel. Mestayer v. Debaillon, 36 La.Ann. 828, 831; Blanc

v. Dupre, 36 La.Ann. 847; Succession of Zenon & Labauve, 38 La.Ann. 235, 238; Kent v. Brown, 38 La.Ann. 802, 813; Webb v. Keller, 39 La.Ann. 55, 66, 1 So. 423; Grevemberg v. Bradford, 44 La.Ann. 400, 10 So. 786; Gandy v. Caldwell, 169 La. 870, 874, 126 So. 221; Simmons v. Saul, 138 U.S. 439, 441, 11 S.Ct. 369, 34 L.Ed. 1054.

■ The contention that the clerk of the court was without authority in the premises is fully answered by the decision in Cole v. Richmond, 156 La. 262, 273, 100 So. 419, 423; and by the plain terms of Act No. 43 of 1882, which declares in section 3 that clerks of district courts "shall have power * * * to order family meetings * * * and to homologate their proceedings, when not opposed." There was no opposition here.

■ As to the objection that the undertutor was incapable of acting in the premises. The family meeting simply constituted the undertutor the agent for the purpose of making the deed. It did not vest any discretionary power in him or give him any right of administration.

The family meeting fixed the terms of the sale for not less than $300, either in cash or "on time," and the undertutor merely performed a ministerial act in executing its decision. The tutrix did not abdicate her duties by vesting the authority of administration in an undertutor. The case of Eby v. McLain, 123 La. 138, 48 So. 772, simply holds that a tutor cannot put himself in the position of a person abdicating his duties by vesting the authority of administration in an undertutor.

Article 351 of the Civil Code expressly authorizes the tutor to act through an agent; and if a tutor might do so, there is no reason why a family meeting may not select an agent, where the tutor does not object, as long as the power of administration is not vested in him.

Plaintiffs' complaint that the family meeting did not fix the terms of the sale is without merit. It did authorize the sale of the minors' interest for not less than $300, and did authorize the sale "on time."

If the terms were not sufficiently explicit, such complaint is barred by the prescription of five years, which is pleaded here under Civ.Code, art. 3542, and is maintained.

Therefore the tutorship proceedings are not nullities, as alleged by plaintiffs.

(5) We do not find, as contended by plaintiffs, that what may have been pleaded in former litigations as to this property by the Gulf Refining Company operates as an estoppel here. We fail to find in any previous litigation any claim by this defendant under the Bridgemans.

The Gulf Refining Company claims under two sources of title:

(1) West's title by prescription; and

(2) Under Lillie Taylor, as the heir of McGee, Lillie Taylor having been recognized as such heir in Taylor v. Allen.

At the time of the sale to West in 1914, the Bridgemans had no title. Title then admittedly was in the heirs of McGee, and there had been no adverse possession sufficient for acquisition of title by prescription.

West did not prescribe for the Bridgemans, but for himself. The prescriptive title of West was not derived from plaintiffs. They conveyed him nothing. He obtained title by the "continuance of his possession during the time fixed by law." Civ.Code, art. 3458.

There is nothing in the pleadings or in the evidence to show that the Gulf Refining Company claims, or has ever claimed, under the plaintiffs, or under the deed which plaintiffs attack otherwise than that deed enters into West's prescriptive title.

Plaintiffs' plea of estoppel is therefore overruled.

(6) Defendants' plea of estoppel, however, is well founded and is maintained.

The deed of George West in 1914, which plaintiffs attack, was not merely from the minors. It was a joint deed from Mrs. Ada Bridgeman, their mother, and from the present plaintiffs, and shows that Mrs. Ada Bridgeman, individually, was a warrantor to George West.

The plaintiffs are here claiming, suing, and asserting title as the heirs of their mother, she having inherited an interest from their predeceased brother, Robert T. Bridgeman.

The obligation of joint vendors to maintain the vendee in peaceable possession is an indivisible one, though their obligation to respond in money for the purchase price is divisible. Smith v. Elliot, 9 Rob. 3; Schultz v. Ryan, 131 La. 78, 59 So. 21, and cases there cited.

 Mrs. Ada Bridgeman could have asserted no claim to the property because she had sold it with warranty. Such obligation of warranty extends to the entire title, and plaintiffs claiming under her have no more right to sue to evict defendants claiming under George West than their mother would have had.

 The institution of a suit claiming title to property by inheritance from a deceased person is an unconditional acceptance of his succession, and the unconditional heir makes himself liable for the obligations of the deceased person whose succession he has accepted, and has no right of action to recover the property, if his deceased ancestor, in disposing of it, obligated himself to warrant the title. Griffing v. Taft, 151 La. 442, 452, 91 So. 832; Berry v. Wagner, 151 La. 456, 472, 91 So. 837.

(7) The only issue passed upon by the trial judge was the plea of prescription of ten years urged by defendants to maintain the title of George West. This plea was sustained and plaintiffs' demands were rejected by the judgment of the lower court and plaintiffs' suit dismissed at their costs. From this judgment, plaintiffs have appealed.

However, the defendants have answered the appeal and pray that all of their numerous defenses be sustained in this court.

For the reasons assigned, the judgment appealed from is affirmed at plaintiffs' costs.

O'NIELL, C. J., absent.