KLIEBERT, Judge.
The plaintiff, Pacific Land Title Corporation (Pacific) appealed from a judgment granted on a motion for a summary judgment dismissing plaintiffs’ suit at its cost. *1022 Pacific’s principal, Amie Ducros Galey, filed a petition against the defendants, Executive Office Centers, Inc. (Executive) to have herself declared as the owner of an undivided one-half (V2) interest in a tract of land located in Jefferson Parish. Executive answered asserting estoppel by deed and, alternatively, ten and thirty years acquisitive prescription.
The property in question was acquired in 1925 by Robert Ducros while he was married to Ruth Seawell. After the birth of Mrs. Galey, Robert and Ruth Seawell were divorced by judgment dated April 28, 1928. On October 21, 1955, by an authentic act, Robert Ducros conveyed the property to Louis Chetta, et al. The conveyance was with full warranty of title. Executive’s title emanates from this sale. Upon the death of her father and mother, Mrs. Galey was recognized as their sole heir and placed into possession of their estates. She claims ownership of a one-half interest by inheritance from her mother who by virtue of the divorce was an undivided one-half interest owner in the tract and who had not joined with her husband in the sale to Chetta. Her claim of ownership is met by a plea of estoppel by deed [1] grounded in the contention her unconditional acceptance of her father’s succession made her step into the shoes of her father, therefore, she cannot make a claim against his warranty of title. Both parties agree the case turns on whether Mrs. Galey accepted the succession under the benefit of inventory or unconditionally.
Mrs. Galey’s father died on July 5, 1957 and within a few days she filed a petition to search for a will. The Notary’s return on the search showed no will was found. Mrs. Galey then filed a petition alleging “there are debts owing by this succession and petitioner desires to be appointed administra-trix of her late father’s estate” and “that it be necessary that an inventory be taken”. The court ordered the taking of an inventory which was subsequently-amended and, as amended, homologated and approved. The court also appointed Mrs. Galey administra-trix of the succession and upon her complying with the requisite of law was issued letters of administration. She undertook the administration of the estate and prayed for and received authority to sell real estate to pay debts of the succession. The record does not reflect whether or not the real estate was sold. She did file an account of her administration entitled “First Provisional Account” on which she showed that some $1,836.54 in debts had been paid and that the estate had remaining unpaid debts “which must be paid in due course ...”
With the succession record in the condition above stated, Mrs. Galey, individually and in her capacity as the administratrix of the succession, filed a petition alleging she was the only child of the decedent, that an inventory had been taken of the assets of the succession and praying for judgment setting the inheritance taxes and, once set and paid, recognizing her as owner and placing her into possession of the property shown in the inventory as belonging to the decedent. The petition did not allege whether the petitioner was accepting the succession under the benefit of inventory or purely, simply and unconditionally or whether it was the petitioner’s intent to terminate the administration of the succession, discharge the administratrix, and go into possession after a full administration.
The effects of the simple placing into possession is stated in La. C.C. Article 1013, which provides in part as follows:
“. .. it binds him [the heir who accepts unconditionally] to the payment of all debts of the succession, not only out of the effects which have fallen to him from the succession, but even personally, and out of his own property, as if he had himself contracted the debts or as if he was the deceased himself; unless, before acting as heir, he make a true and faithful inventory of the effects of the succession, as here above established, or has taken the benefit treated of hereafter. . .”
La. C.C. Article 1054 provides for the effects of the benefit of inventory as follows:
*1023 “The effect of the benefit of inventory is that it gives the heir the advantage:
1. Of being discharged from the debts of the succession by abandoning all the effects of the succession to the creditors and legatees;
2. Of not confounding his own effects with those of the succession, and of preserving against it the right of claiming the debts due him from it.”
While a succession is under administration, under our present statutory law, i.e., La. C.C.P. Articles 3361 and 3362, an heir of an intestate succession has the right to go into possession of all or a portion of the effects of the succession. Where the petition for possession is filed after the homologations of the tableau of distribution the heir may go into possession under the benefit of inventory. However, where the petition is filed by other than minor heirs, prior to homologation of the tableau of distribution, the petition must comply with the provisions of La. C.C.P. Articles 3001 through 3008. A prerequisite to being sent into possession under La. C.C.P. Article 3004 is the requirement that the heir accept the succession unconditionally. Thus, for other than minors, whether the heir may be placed into possession “unconditionally” or “under the benefit of inventory” depends on the status of the administration. Upon homologation of the tableau of distribution the administration of the succession is considered complete, hence, the heir is entitled to possession “under benefit of inventory”. Prior to the filing of the tableau of distribution, the administration of the succession is not complete, hence, the heir is entitled to possession only where he accepts the succession “unconditionally”.
Under the present statutory law, although Mrs. Galey did not allege she was accepting her father’s succession unconditionally, since no tableau of distribution was filed, we would have to conclude she accepted the succession unconditionally because when she went into possession of the property the succession was not fully administered. However, at the time she went into possession in 1958, our procedural statutory law was contained in the Code of Practice. Although there was no direct statutory counterpart to La. C.C.P. Articles 3361 and 3362, in the Code of Practice, the same results must prevail.
Louisiana Civil Code Article 1058 provides as follows:
“But if the heir declares that he is not willing to accept the succession, otherwise than under the benefit of an inventory, the person appointed administrator of the estate, whether it was the heir himself or any other individual, shall proceed to the sale of the property of the succession, and to the settlement of its affairs, as prescribed in the following articles. The beneficiary heir shall, at the time of such settlement, have a right to be paid, as any other creditor, all debts due him by the deceased, and shall moreover be entitled to the balance of the proceeds of the sale of the estate, if any such balance be left after payment of all the debts and charges of the succession.”
Additionally, almost one hundred years ago the Supreme Court held that after a succession had been fully administered, heirs have an absolute right to require it to be terminated and to be put into possession of the estate. Succession of Powell, 38 La. Ann. 181 (1886). Thereafter, in Kelly v. Kelly, 198 La. 338, 3 So.2d 641 (1941), at page 646, while quoting from prior cases the Supreme Court said:
‘ “The benefit of inventory, therefore, does not give an heir the right to take possession, unconditionally, or as owner, of any of the property of the succession, without making himself liable personally for the debts or obligations of the succession. When a succession is accepted under benefit of inventory, the estate must be administered and liquidated — even though the beneficiary heir himself should be the administrator for the benefit of the creditors primarily; the rights of the beneficiary heir being only residuary. Rev.Civ.Code, arts. 1039 to 1070.” ’
Thus, under the provisions of the Civil Code and the jurisprudence in effect at the time Mrs. Galey was sent into posses *1024 sion of her father’s estate, the determination of whether an heir was entitled to be sent into possession of succession property under administration “unconditionally” or “under benefit of inventory” depended, as it does today, on the status of the administration. If the succession was fully administered the heir was entitled to possession under benefit of inventory, otherwise, the heir was entitled to possession only on an “unconditional acceptance”. It is apparent from the record of the Succession of Robert Ducros, filed in the record here, the succession was not fully administered at the time the heir was placed into possession. Thus, under the substantive articles of the Louisiana Civil Code (Articles 976 et seq., Article 1032, et seq.) and the procedural articles of the old Code of Practice (Articles 976 et seq.) and the formulative jurisprudence of the State (i.e., Succession of Powell, supra; Kelly v. Kelly, supra; Succession of Stephen Duncan Linton, 27 La.Ann. 351, Orleans App. (1875) “under the benefit of inventory” means taking possession of the residual of the decedent’s property after the full administration of the succession, and “unconditionally” means taking all of the property of the succession along with all of its debts, without a full administration. Since Mrs. Galey took possession as owner of all of the property of the decedent before the succession was fully administered, she accepted the succession unconditionally.
Accordingly, the judgment of the lower court is affirmed. All costs of the appeal to be borne by the appellant.
AFFIRMED.

. See Soule v. West, 185 La. 655, 170 So. 26 (1936) for doctrine.