O’NIELL, X
This is a suit for damages alleged to have been sustained as a result of negligence on the part of the defendant railroad company in the alleged failure to deliver in good condition several car loads of cattle shipped by the iffaintiff from the parish of East Feliciana, La., to a firm in East St. Louis, 111. The suit was filed in the district court of the parish of East Feliciana on the 2oth of March, 1914. On the 5th of May, 1914, the defendant, whose domicile is in New Orleans, filed a plea to the jurisdiction of the court.
While the defendant’s plea to the jurisdiction was pending, and before it was heard in the district court, the law was amended by Act No. 80 of 1914, approved July 6th of that year, so as to confer upon the district court at the place of shipment jurisdiction of such a case as this.
On the 14th of November, 1914, after the statute of that year had gone into effect, the defendant’s plea to the jurisdiction was heard and sustained by the district judge; and, from the judgment dismissing his suit, the plaintiff appealed to the Court of Appeal of the First Circuit.
[1] Under the provisions of article 101 of the Constitution, the Court of Appeal has certified the following questions to this court, asking for instructions, viz.:
(1) Does the jurisdiction conferred upon the court at the place of shipment, by Act No. 80 of 1914, apply to a; cause of action existing at the time the statute was enacted?
(2) Did the statute give .the court jurisdiction of the case that was pending when the statute was enacted?
Under the provisions of Act No. 182 of 1908, amending and re-enacting Act No. 93 of 18S8, a suit of this character might have been instituted at the place at which the freight -was to be delivered, or at the domicile of the carrier, at the option of the plaintiff. Until -the enactment of the statute of 1914 there was no authority for instituting a suit of this character at the place from which the freight was shipped. Act No. 80 of 1914 amended and re-enacted Act No. 182 of 1908 so as to authorize the institution of a suit of this character at the place at which the freight was to be delivered, or at the place from which it was shipped, or at the domicile of the carrier, at the option of the plaintiff.
Act No. 80 of 1914 refers only to the remedy, and there can be no constitutional objection to its applying to a case in which the plea to the jurisdiction had been filed, but not tried, when the statute went into effect.
[2] “Due process of law” only means due notice and opportunity to be heard. The district court was vested with jurisdiction of the case when the plea to the jurisdiction was heard. The dismissal of the suit could accomplish no good purpose, because the plaintiff would have the right to file it again immediately. To apply the statute to this suit that was pending when the law was enacted would not be giving the act a- retroactive or retrospective effect. The promulgation of the law was full notice to the defendant, and the latter’s failure to try the plea to the jurisdiction until after the statute of 1914 had gone into effect placed the *531 defendant in the same situation as if the defendant had waived the plea to the jurisdiction.
We answer both questions in the affirmative.