(70 South. 332)

No. 21320.

## MORGAN'S LOUISIANA & T. R. & S. S. CO. v. RAILROAD COMMISSION OF LOUISIANA.

(Nov. 15, 1915.   Rehearing Denied Dec. 13, 1915.)

*(Syllabus by the Court.)*

1. CONSTITUTIONAL LAW ☞186—RETROSPECTIVE LEGISLATION—VALIDITY.

The Constitution of the state of Louisiana does not prohibit retrospective legislation.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 526–529; Dec. Dig. ☞186.]

2. RAILROADS ☞9 — ORDER OF RAILROAD COMMISSION — REVIEW BY COURT — PROCEDURE—STATUTE.

Act No. 132 of 1914, "to provide for the manner in which suits to contest any decision * * * or order of the Railroad Commission of Louisiana, shall be tried," applies to untried suits pending at date of its passage.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 12–19; Dec. Dig. ☞9.]

*(Additional Syllabus by Editorial Staff.)*

3. RAILROADS ☞9—DECISION OF RAILROAD COMMISSION — REVIEW BY COURT — PROCEDURE—STATUTE—"WHENEVER."

As used in Act No. 132 of 1914, § 1, providing the manner of trial whenever any suit is filed to contest any decision of the railroad commission, the word "whenever" means at whatever time.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 12–19; Dec. Dig. ☞9.

For other definitions, see Words and Phrases, First and Second Series, Whenever.]

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge: H. F. Brunot, Judge.

Action by Morgan's Louisiana & Texas Railroad & Steamship Company against the Railroad Commission of Louisiana. From judgment for plaintiff, defendant appeals. Reversed and remanded, with directions.

Wylie M. Barrow, Asst. Atty. Gen., for appellant. Denegre, Leovy & Chaffe, of New Orleans, for appellee.

LAND, J.   In May, 1914, the plaintiff railroad company submitted to the defendant commission an application to change the schedule of trains Nos. 15 and 16 on its Alexandria Branch so as to operate daily between Lafayette and Alexandria, leaving Lafayette at 6 a. m. and returning at 6 p. m.; the motor car service between Morgan City and Washington to be discontinued, and also the coach on trains Nos. 740 and 741 when motor car service should be established between Lafayette and Alexandria.

A number of petitions and protests were filed, some opposing the taking off of the motor car between Morgan City and Lafayette, and some favoring the establishment of the motor car service between Lafayette and Alexandria.

After hearing a large number of witnesses, the commission ordered that the application of the plaintiff to discontinue the motor car service between Morgan City and Lafayette be denied, and that the plaintiff establish and maintain an additional exclusive daily passenger train service between Lafayette and Alexandria, and that on the establishment of such service the plaintiff might discontinue the service on trains Nos. 740 and 741.

Thereupon the plaintiff brought the present suit to annul the said order of the defendant commission on the following grounds:

"(1) Because said order was rendered upon a petition by petitioner asking a wholly different and entirely reasonable relief; and your peti-

tioner had no notice given it of any application for the order actually entered by said commission, or that said order or any portion of it (save as to petitioner's application) was under consideration, or would be considered.

"(2) Because the order is unreasonable and oppressive in its operation, in that it would occasion petitioner great expense without compensation or compensating advantages to petitioner or to public."

. The case was tried in the district court on its merits, and a large mass of evidence was adduced; but judgment was rendered in favor of the plaintiff on the ground of the want of proper notice.

The defendant commission has appealed, and contends:

(1) That under Act No. 132 of 1914, the judge below, before proceeding to render judgment, should have transmitted to said commission a copy of the evidence adduced in his court differing from, or additional to, that offered upon the hearing before the commission, and should have stayed further proceedings until that body had considered such evidence, and reported its action thereon.

(2) That the plaintiff had sufficient notice that the commission would consider the question of ordering a daily service between Lafayette and Alexandria, regardless of its action on the question of discontinuing the motor service between Morgan City and Lafayette.

Act No. 132 of 1914 provides in effect as follows:

Section 1. That whenever any suit is filed to contest any decision, order, rule, act, etc., of the Railroad Commission, its secretary shall, within 15 days after service of the petition upon the commission, cause a certified transcript of all proceedings had and testimony taken upon the investigation made by the commission, to be filed with the clerk of the court in which the suit is pending.

Section 2 of the same act reads as follows:

"That if, upon the trial of any suit brought to contest any decision, act, rule, rate, charge, classification or order, of the Railroad Commission of Louisiana, evidence shall be introduced by the plaintiff which is found to be different from that offered upon the hearing before the commission, or additional thereto, the court, before proceeding to render judgment (unless the parties to such action stipulate in writing to the contrary), shall transmit a copy of such evidence to the commission, and will stay proceedings in the said suit for fifteen days from the date of such transmission. Upon the receipt of such evidence, the commission shall consider the same, and it may alter, modify, amend, or rescind its decision, act, rule, rate, &c, complained of in said suit and shall report its action thereon to the said court within fifteen days from the receipt of such evidence."

Section 3 of the same act provides that, if the commission shall rescind its order complained of, the suit shall be dismissed; and if it shall alter, modify, or amend the order, such altered, modified, or amended order shall take the place of the original order complained of, and judgment shall be rendered thereon, as though made by the commission in the first instance; and that, if the original order is not rescinded or changed by the commission, judgment shall be rendered by the court upon the original order.

This act was filed July 8, 1914. This suit was filed on June 26, 1914; the rule nisi to show cause why an injunction should not issue as prayed for by the plaintiff was heard and discharged on October 6, 1914; and the case was subsequently tried on its merits. The judge a quo ruled that Act No. 132 of 1914 did not apply to this case.

The commission contends that the said act does apply to the trial of cases had after its provisions went into effect, and cites Bass v. Y. & M. V. R. Co., 136 La. 528, 67 South. 355. That case holds, as expressed in the syllabus, that:

"A statute conferring jurisdiction of a certain class of cases upon a court elsewhere than at the domicile of the defendant relates only to the remedy, and applies to a case in which a plea to the jurisdiction of such court was pending, but not tried, when the statute went into effect."

Plaintiff contends that Act No. 132 of 1914 is not retroactive or retrospective, and does

not apply to suits instituted before its promulgation, and cites New Orleans v. Lloyds, 31 La. Ann. 781, and New Orleans v. Vergnole, 33 La. Ann. 35. In the first case, it was held that:

"An act of the Legislature which declares that no municipal corporation shall assess any license tax on certain persons over $500, and prescribes that the act shall take effect from and after its passage, cannot be construed as retroactive."

In the second case, it was held that:

"Article 206 of the Constitution, providing that 'No political corporation shall impose a greater license tax than is imposed by the General Assembly for state purposes,' was not intended to act retroactively."

On the other hand, laws may operate retrospectively upon existing remedies by changing or abolishing them, or by creating new remedies, without contravening constitutional provisions, when such legislation does not substantially impair the right which the remedy is intended to enforce. City v. Railroad Co., 35 La. Ann. 685.

[1] The present Constitution of this state does not prohibit retrospective legislation. Such a prohibition, however, does not apply to acts which affect procedure only, which merely add a remedy to an already existing right, or limit the time of the remedy. 8 Cyc. 1021.

[2] Plaintiff's counsel argue that Act, No. 132 of 1914 applies only to suits filed after its passage.

That statute, according to its title, prescribes rules for the trial of suits to contest any decision, order, etc., of the Railroad Commission, and contains no legislation relating to the filing or institution of such suits. In the instant case the suit was filed 12 days before the approval of the act, but was tried months after its promulgation. Hence, quoad the remedy provided by Act No. 132 of 1914, there is no difference between this suit and one instituted after the passage of said act.

[3] In the phrase "whenever any suit is filed," used in section 1 of Act No. 132 of 1914, the word "whenever" means "at whatever time." See Webster's New International Dict. verbo. Section 2 of the same act makes it clear that its provisions apply to the "trial of any suit brought to contest any decision * * * or order of the Railroad Commission," wherein the plaintiff has introduced different or additional evidence.

The purpose of that statute seems to be to require the Railroad Commission to review its decisions and orders in the light of the additional evidence introduced by the plaintiff on the trial of the suit. If the commission, after considering such evidence, rescinds its decision or order, the litigation terminates. Otherwise, the court proceeds to render judgment on the same state of facts considered by the commission.

In this very case, the plaintiff proved on the trial that the commission had by a subsequent order granted permission to the plaintiff to discontinue its motor service between Morgan City and Lafayette. This fact will compel the commission, if it has not already done so, to amend and modify the order in dispute so as to leave nothing in controversy except the question of train service between Lafayette and Alexandria.

Act No. 132 of 1914 is not assailed as unconstitutional, and the consideration of all other questions of law raised by the pleadings must be postponed until after the commission shall have reported its action in the premises.

It is therefore ordered that the judgment appealed from be vacated and set aside, and it is now ordered that this cause be remanded, with instructions to the judge a quo to transmit a copy of all the additional evidence introduced by the plaintiff on the trial of this suit to the Railroad Commission of Louisiana, and to stay further proceedings in this case for 15 days from the date of

such transmission, pursuant to section 2 of Act No. 132 of 1914; and it is further ordered that the plaintiff and appellee pay the costs of this appeal.

MONROE, C. J., takes no part.