O’NIELL, J.
In the early part of the year 1914, the plaintiff company was operating a daily motor car passenger service between Morgan City and Washington, La. The train traveled over the main line from Morgan City to Lafayette; thence on what is called the Alexandria Branch to Washington. On the 9th of May of that year, the plaintiff filed an application with the Railroad Commission for permission to change the schedule of the motor train, known as Nos. 15 and 16 on the Alexandria Branch, so that train No. 15 would leave Lafayette at 6 a. m., and run beyond Washington to Alexandria, arriving there at 10 a. m., and, leaving Alexandria at 2 p. m., as train No. 16, would arrive in Lafayette at 6 p. m., each day. The application contained the provision that the motor car service between Morgan City and Washington should be discontinued, and that the passenger coach should be taken off of the daily freight trains Nos. 740 and 741, between Lafayette and Alexandria.
On the 14th of May, 1914, the Railroad Commission notified the railroad company that a hearing would be had on the application on the 25th of that month, on which day the application was heard, and, on the next following day, the commission rendered its ruling, known as order No. 1739, requiring the railroad company to establish, within 30 days from the date of the order, and to maintain thereafter, an additional exclusive passenger service between Lafayette and Alexandria, leaving Lafayette daily each morning and returning each evening. The order gave the railroad company permission to discontinue the passenger coach then carried on the daily freight trains Nos. 740 and 741 operating between Lafayette and Alexandria. The railroad company made application to the commission for'a rehearing, claiming that the order rendered was • different from the order applied for, and was therefore rendered without notice to the plaintiff and without affording the plaintiff an opportunity to be heard. The rehearing being refused, the railroad company filed suit in the district court, attacking the order of the commission as having been rendered on a petition asking for other relief, and without notice, and complaining that the order rendered was unreasonable and oppressive in its operation and would cause great expense to the plaintiff without any compensating advantage to the plaintiff or the public. The plaintiff prayed for a writ of injunction to prevent the Railroad Commission from enforcing its order. The Railroad Commission was ordered to show cause why the injunction should not issue. In answer to the rule nisi, the commission denied that the order was illegal or unreasonable. The rule nisi, having been argued and submitted on the allegations of the petition, was dismissed, and the application for the writ of injunction was denied. The defendant’s answer to the rule was then made its answer to the merits of the plaintiff’s demand. Evidence was heard and judgment rendered decreeing the *357 order of the commission null and void for want of proper notice. The district court held that the Act No. 132 of 1914, which had been adopted by the Legislature after the suit was filed, requiring the court, before rendering judgment, to transmit the evidence that was introduced on the trial in court but was not introduced before the commission, did not apply to this case. The Railroad Commission appealed from the judgment, and this court held that the Act No. 132 of 1914 did apply, and set aside the judgment and remanded the case to the district court with instructions to transmit to the Railroad Commission a copy of all the evidence that had not been heard by the commission. See Morgan’s Louisiana & T. R. R. & S. S. Co. v. Railroad Commission of Louisiana, 138 La. 377, 70 South. 332.
On the return and resubmission of the record, the Railroad Commission amended the order, or rather canceled the order No. 1739 and rendered the amending order No. 1965, requiring the auditional passenger train to be operated between Lafayette and Alexandria daily for a period of at least six months, at the end of which time it was provided that, on showing that the train had been operated at a loss, the railroad company would be allowed to discontinue it. The amended order also permitted the railroad company to do away with the passenger coach on its daily freight trains Nos. 740 and 741, between Lafayette and Alexandria. The commission, in compliance with the provisions of Act 132 of 1914, returned the record to the district court, together with the amended order No. 1965; on which the court rendered judgment, rejecting the plaintiff’s demand, and sustaining, as reasonable and just, the order No. 1965, adopted by the Railroad Commission on the 27th of January, 1916, amending and modifying the order No. 1739, adopted on the 26th of May, 1914.
The contentions on which the plaintiff’s counsel rely for a reversal of the judgment appealed from are: (1) That the order of the Railroad Commission was rendered on a petition asking for other relief than that granted, and was therefore rendered without notice to the appellant, railroad company, that such an order might be rendered; and (2) that the order of the commission is unreasonable and oppressive in its operation, in that it will occasion great expense to the railroad company without any compensating advantage to the railroad company or the public.
On the appeal of the Railroad Commission from the judgment annulling the original order No. 1739, adopted on the 26th of May, 1914, this court observed that the Railroad Commission had subsequently rendered an order, permitting the railroad company to discontinue its motor car service between Morgan City and. Lafayette: and it was said that the Railroad Commission would be compelled to amend and modify the order No. 1739 so as to leave nothing in controversy except the order requiring the daily passenger service between Lafayette and Alexandria.
On the 25th of November, 1914, on the application of the railroad company to be permitted to discontinue operating its passenger trains Nos. 15 and 16 between Morgan City and Washington, the Railroad Commission rendered order No. 1834, granting the relief prayed for. After rendering the formal order, the commission made this comment in its ruling, viz.:
“In this connection, we think the company should make good its proposition to the people along the Alexandria Branch, to operate motor car service between Lafayette and Alexandria, where the passenger train service is admittedly inadequate, although this does not control our opinion in this case, that trains Nos. 15 and 16 may be removed without serious inconvenience to the public.”
We assume from the expression, “that the company should make good its proposition to *359 the people along the Alexandria Branch, to operate motor ear service between Lafayette and Alexandria,” that the order No. 1834 was granted in consideration, at least to some extent, of the order No. 173,9, that had been already rendered but was then in contest, requiring the railroad company to establish and maintain a daily passenger train between Lafayette and Alexandria. We interpret the expression • of the Railroad Commission, in its order No. 1834, that the railroad company’s proposition to the people along the Alexandria Branch to operate a daily motor car service between Lafayette and Alexandria did not control the commission’s opinion that trains Nos. 15 and 16 might be taken off without serious inconvenience to the public, to mean that the order No. 1834 was an unconditional order, not dependent upon the outcome of the suit contesting the order No. 1739. Nevertheless, the order No. 1834, granted on the 25th of November, 1914, taken in connection with the order No. 1739, that had been granted on the 26th of May of that year, gave the railroad company all the relief it had asked for; and the modified order No. 1965, rendered on the 27th of January, 1916, made the ruling even more favorable to the railroad company than the relief originally asked for.
If the order No. 1965, dated the 27th of January, 1916, requiring the railroad company to operate a daily passenger train between Lafayette and Alexandria, should now be annulled, and the order No. 1834, rendered on the 25th of November, 1914, permitting the railroad company to take off the passenger trains Nos. 15 and 16 between Morgan City and Washington, should remain in effect, there would be no requirement for passenger service between Lafayette and Washington; and the railroad company would have far greater relief than it asked for. It is suggested in the argument of the plaintiff’s counsel that, since the application was made to take off trains Nos. 15 and 16 between Morgan City and Washington, in consideration for installing the daily passenger service between Lafayette and Alexandria, the European War has come on, and the financial difficulties of the railroad company have been increased. The record discloses that these conditions were taken into consideration by the Railroad Commission when the order No. 1834 was rendered, permitting the railroad company to take off the passenger trains Nos. 15 and 16 between Morgan City and Washington.
Our conclusion is that the modified order No. 1965, dated the 27th of January, 1916, taken in connection with the order No. 1834, adopted on the 25th of November, 1914, is a reasonable requirement on the part of the Railroad Commission, and that the judgment maintaining it is correct.
For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.
MONROE, C. J., takes no part.