On Rehearing.
LECHE, J.
[4] Viewing the question of law upon which this case was decided, with the additional light shed upon it by reargument of counsel, we have, after mature 'consideration, reached the conclusion that our-former decree is erroneous.
That decree rests entirely upon the interpretation which we placed upon the cases of Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086, Ann. Cas. 1917E, 900, and Atlantic Transport Co. v. Imbrovek, 234 U. S. 52, 34 Sup. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157.
It must be observed that the statute of this state, under which plaintiff has founded his demand is not one giving redress fox-torts. The fundamental idea of the Employers’ Liability Act is to provide means of subsistence to the employé during a specific-time, when his earning capacity has been either partially or entirely destroyed, either-temporarily or permanently, by injury received in the course of his employment, whether that injury be caused by his negligence, that of his fellow servant, or that of his employer. The right to compensation on the part of the employé does not therefore-depend upon the commission of a tort towards him by his employer, and it may arise when the employer is neither negligent nor at fault. It also follows that defendants’ liability, if they are liable, is purely statutory and it is neither the result of a tort nor-of a contract.
In the Jensen Case, libelant was endeavoring to fasten this statutory liability upon a. *1023 ship which is generally subject to the admiralty jurisdiction ol the United States courts, while in the present suit plaintiff seeks to enforce liability upon a citizen of this state who is subject to the jurisdiction of its courts and whose business is not necessarily of a maritime nature.
In the Imbrovek Case, it was held that the occupation of stowing goods in the hold of a ship was maritime in its nature because on the proper performance of that duty depend in large measure the safe carrying of the cargo and the safety of the ship itself. In the present case the occupation of plaintiff was to unload the ship, and that could have no possible relation to the safety of the ship or its navigation. Nor does the decision in the Imbrovek Case rest upon the question of the locality where the injury was inflicted; but, on the contrary, the Supreme Court seems rather to support its conclusions on the fact that in that case the employment was maritime in its nature.
It thus appears that the present suit may reasonably be distinguished from the two cases upon which we based our original opinion. But even if it be conceded that plaintiff was engaged in a maritime occupation when he was injured, since the rendition of our former decree and since the Imbrovek and Jensen Cases were decided by the United States Supreme Court, Congress has amended that section of the Judicial Code fixing the jurisdiction of the United States District Courts, sitting in admiralty, so as to exclude from their jurisdiction claims under the workmen’s compensation law of any state. The amended clause as adopted and approved October 6, 1917 (Act Cong. Oct. 6, 1917, c. 97, 40 Stat. 395) now reads as follows:
“Third. Of all Civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law Temody where the common law is competent to give it, and to claimants the rights and remedies under the workmen’s compensation law of any state.”
It thus appears that defendants are in a dilemma. If plaintiff’s occupation was maritime in character, the amendment to the judicial Code saves him the proper remedy; if it is not maritime, then the Imbrovek and Jensen Cases do not apply to his cause of action.
Defendants in argument suggest that retroactive effect should not be given to the above-quoted paragraph of the statute, but, being remedial in its nature, there is nothing in the Constitution to prevent such effect from being given to it. Bass v. Y. & M. V. R. R. Co., 136 La. 528, 69 South. 355; Morgan’s L. & T. R. R. & S. S. Co. v. Railroad Commission of La., 138 La. 377, 70 South. 332.
On the merits, the defense is that plaintiff was intoxicated at the time he was injured and that his injury was the result of such intoxication. The preponderance of evidence is against that contention, and we fully agree with the district judge in his findings.
Our former decree is set aside, and it is now ordered that the judgment appealed from be affirmed at defendants’ costs.
PROVOSTY, J., concurs on ground that act of Congress confers'jurisdiction.
SOMMERVILLE and O’NIELL, JJ., concur in decree.