No. 2728

Second Circuit

---

COLE v. CENTRAL CONTRACTING CO., ET AL.

---

(Dec. 11, 1926. Opinion and Decree.)
(Jan. 28, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Evidence—Par. 351.

Where the evidence of the plaintiff and two other witnesses is not contradicted and the physical circumstances are not in conflict with their testimony, the fact must be considered proven by the preponderance of evidence.

2. Louisiana Digest—Negligence—Par. 11; Municipalities—Par. 258, 265.

Where the contractor, during the construction of a building lays a small iron pipe across the cross walk of an alley used by the public, he is negligent and liable for any damages arising therefrom.

3. Louisiana Digest—Negligence—Par. 21, 22; Municipalities—Par. 263.

A pedestrian whose attention was not directed to a small iron pipe laid across a cross walk of an alley which was used for vehicular traffic will not be considered guilty of contributory negligence in stumbling and falling over the pipe while watching for vehicular traffic in crossing.

4. Louisiana Digest—Municipalities—Par. 255.

A cross walk over an alley is part of the sidewalk and the duty of maintaining it in a reasonably safe condition is the same as to any other part of the sidewalk.

5. Louisiana Digest—Negligence—Par. 21, 22; Municipalities—Par. 263.

The fact that one who used a cross walk over an alley must step down on leaving the sidewalk and up again at the other side of the alley does not make that person guilty of contributory negligence if she does not notice an iron pipe across her path a few feet from the curbing.

6. Louisiana Digest—Damages—Par. 105.

Ten thousand dollars ($10,000.00) is sufficient quantum of damages for permanent injury to leg broken above the knee and pain and suffering where twenty-one months after the injury she walked with a marked limp.

(ON APPLICATION FOR REHEARING)

7. Louisiana Digest—Judgment—Par. 197, 198, 211; Partnership—Par. 115.

A judgment against a •partnership composed of A and B and a city is not

a judgment against the individual partners but against the partnership and the city, individually and in solido.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell. Judge.

Action by Miss Bettie Cole against Central Contracting Company, et al.

There was judgment for plaintiff and defendants appealed.

Judgment amended and affirmed.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for plaintiff, appellee.

John B. Files; B. F. Roberts, of Shreveport, attorneys for defendants, appellants.

WEBB, J.   This action was brought by the plaintiff, Miss Bettie Cole, against J. B. Slattery, the Central Contracting Company, a partnership, and the individual members thereof who were Edgar C. Maclay and Henry C. Beck, and the city of Shreveport, to recover damages alleged to have been sustained by plaintiff through the negligence of defendants.

Plaintiff alleged, in substance, that the Central Contracting Company in executing a contract entered into between it and J. B. Slattery, had laid or caused to be laid in and across an alley at a point where the alley constituted a part of the sidewalk, an iron pipe and that plaintiff, in passing along the sidewalk tripped by striking her foot against the pipe and fell, sustaining serious and permanent injuries; that J. B. Slattery and the Central Contracting Company were negligent in laying and maintaining the pipe on the alley and that the pipe as laid and maintained constituted a danger and public nuisance and the city of Shreveport, with knowledge of the condition, permitted the pipe to remain in such position.

A non-suit was entered as to J. B. Slattery.

The Central Contracting Company, and the members of the partnership, and the city of Shreveport, after filing motions and exceptions, which are not pressed here, answered pleading, in effect, a general denial and alleging that plaintiff was not exercising ordinary care.

The cause was tried before a jury, which returned a verdict against defendants Central Contracting Company, the individual partners, and the city of Shreveport for twelve thousand, five hundred dollars, with legal interest thereon from May 8, 1925, and all costs.

The defendants moved for a new trial, which was refused, and judgment was rendered against them in solido in accordance with the verdict of the jury, and they appealed.

OPINION.

During March, 1923, the Central Contracting Company, a partnership composed of Edgar C. Maclay and Henry C. Beck, acting under a contract between it and J. B. Slattery, began the construction of a building on a lot situated at the corner of Texas and Marshall streets in the city of Shreveport.

The lot extends back south from Texas street on Marshall street a distance of one hundred and fifty feet to an alley which is twenty feet in width and which divides the block (bounded on the north and south by Texas and Milam streets and on the east and west by Edwards and Marshall streets) in which the lot is situated.

The contracting company obtained a permit from the city of Shreveport to erect the building, and during the construction work it erected a "run around" or covered walk in the roadway of Marshall street, next to the sidewalk, which walk extended from Texas street to and across the point where the alley opened upon Marshall street, along which pedestrains desiring to, passed from Texas street to Milam street.

There was an accumulation of water from some source in the basement of the building during the period. of construction which was taken care of by the constracting company by pumping it out as it accumulated through an iron pipe two inches in diameter which led out from the basement to the alley and thence along the alley and over that part of the alley constituting a part of the sidewalk, or more properly the cross walk, between the curbs of the sidewalks on the north and south sides of the block, opening into the drain on Marshall street.

The pipe was underneath the covered walk during the period of active construction of the building (which was about eighteen months) but after the work had been nearly completed and a new sidewalk laid next to the building on Marshall street (which is known as the Slattery Building) the covered walk was removed, leaving the pipe in the alley extending over the cross walk, thus permitting the use of the sidewalk and cross walk by pedestrians and permitting the use of the alley for vehicular traffic between Marshall and Edwards streets.

The plaintiff's place of business was in an office building situated at the southwest corner of the intersection of Marshall and Milam streets and on the day of the accident, which occurred at about 3 o'clock

in the afternoon, plaintiff had gone east along Milam street until she came to Edwards street, thence to Texas street, and, in returning to her place of business, she proceeded west along the sidewalk on the south side of Texas street until she reached the intersection of Texas and Marshall streets where she turned south into Marshall street and passed over the sidewalk next to the Slattery Building and thence onto the alley or cross walk where she tripped and fell.

The topographical situation which would have been presented to one passing over the sidewalk on Marshall street at the time of the accident from Texas and Milam streets and maintaining a close observance was the concrete sidewalk next to the Slattery Building extending to the alley where it ended in a curb about nine inches above the level of the alley, thence the cross walk over the alley which was paved with brick and upon which there was laid the iron pipe at a distance of about three feet from the curb of the sidewalk next to the Slattery Building, thence the curb' of the sidewalk on the south of the alley which was about three or four inches above the level of the alley or cross walk, thence a concrete sidewalk extending to the intersection of Marshall and Milam sreets.

The defendants urge several defenses which may be paraphrased as follows:

1st. The preponderance of the evidence does not show that plaintiff tripped on the pipe.

2nd. The pipe did not constitute an obstruction within the meaning of the law.

3rd. That plaintiff knew of the condition of the alley and that the pipe had been left on the cross walk and should have avoided it.

4th. That the plaintiff saw the pipe, or must be held to have seen it, in the exercise of ordinary care.

5th. That the amount of twelve thousand, five hundred dollars awarded plaintiff was excessive.

### I.

This defense relates solely to a question of fact.

The plaintiff and two other witnesses testify that she tripped on the pipe. No other witnesses testify to the contrary, and we do not find that the evidence establishes any physical circumstance in conflict with the testimony of the witness nor inconsistency in their testimony which would authorize us to reject their testimony.

### II.

This defense is based upon the rule that not every inequality in the surface constitutes a defect or obstruction of the way and that there are instances where objects (of such dimensions as to ordinarily constitute an obstruction) are placed upon the sidewalk and the city cannot be held guilty of negligence, from which the defendants contend that the pipe did not constitute a defect or obstruction of the sidewalk and if it was an obstruction that it was a necessary and temporary obstruction and the defendants cannot be held to have been negligent.

No case has been cited in which it was held that an iron pipe of small diameter when placed across the sidewalk does not constitute an obstruction, while it has been held in other jurisdictions that objects of similar dimension when placed on the sidewalk do constitute obstructions.

Defendants cite Goodwin vs. City of Shreveport, 134 La. 820, 64 So. 762, where the court, in considering an action for damages brought by a pedestrian who had tripped and fallen on an inequality in the elevation of a continuous walk (parts of which had been constructed at different times) held that the city was not liable; but we do not think the ruling in the cited case supports the defendants' contention that the pipe was not an obstruction.

Conceding that the law applied in the case cited, could be applied to the contracting company, the inequality in the street or sidewalk in the Goodwin case was such as necessarily results from deterioration and lapse of time and not from an object being placed upon the walk; and, besides, the inequality shown to have existed in the Goodwin case was not as great as that created by the pipe being laid on the sidewalk as in the present instance.

The evidence does not show that the pipe was laid on the sidewalk as a matter of public necessity or that it was merely a temporary obstruction, or that its presence was indicated by the conditions which may have rendered it necessary to be laid on the sidewalk. On the contrary, the record shows that it was laid by a contractor in executing a contract with which the public did not have any connection or interest and that it remained on the walk for about one month. Neither does it appear that the water which had accumulated in the building could not have been removed without obstructing the sidewalk.

### III.

While the evidence indicates that the plaintiff was familiar with the locality, that is, she knew of the existence of the alley and that the Slattery Building had

been in course of construction for a long period of time and that the sidewalk and alley had been covered during the period of construction, this does not show that she knew that the pipe had been laid in the alley and across the cross walk and was underneath the covered walk during the period of construction of the building or that it was left on the walk after the covered way was removed and the walk thrown open for the use of the public, and we cannot assume that she did know of the obstruction in the face of her uncontradicted declaration that she did not.

#### IV.

This contention is two-fold, one that plaintiff saw the pipe when she approached or stepped into the alley, and, if not, she should be held to have seen it, and that having failed to guard against the apparent obstruction she cannot recover.

The plaintiff testified that when she arrived at the edge of the sidewalk she looked down or watched her step and that she also looked to see whether or not there was any vehicular traffic on the alley, and as we understand, the defendants contend that the pipe being at a distance of three feet from the curb the plaintiff must have seen the pipe when she looked down to watch her step.

The plaintiff, however, testifies that she did not see the pipe, and considering that her attention was directed to watching her step and observing the alley to note whether or not there was any vehicular traffic and the size of the pipe, it can be well understood why the plaintiff did not see the pipe or that seeing it no impression was made on her mind.

Whether the plaintiff should be held to have seen the obstruction and been guilty of negligence in failing to avoid it, depends upon the prominence of the obstruction and the place where it was situated.

The evidence does not show that the pipe was so conspicuous, that one, in walking on the concrete walk at the Slattery Building going towards the alley must necessarily have seen it. On the other hand, it is shown that the level of the alley was below the sidewalk, and as the pipe projected only two inches above the pavement, we cannot say that the plaintiff should be held to have seen the pipe before she came to the alley.

The record does not show that any work was being done on the sidewalk next to the Slattery Building which plaintiff traversed before arriving at the alley; nor does it show that any work was being done on or near the alley; nor is there any other circumstance shown that should have caused plaintiff to anticipate any obstruction of the sidewalk.

The plaintiff was bound to take notice of the alley, and of the fact that vehicular traffic passed over the cross walk at that point, and of the difference in the level of the cross walk and the sidewalk; and it appears from the evidence that she did take such notice, which necessarily diverted her attention from the way and caused her not to see the pipe which was in such a position that it cannot be said that she must necessarily have noticed it when she looked down when stepping from the curb to the alley.

The cross walk was a part of the sidewalk and the duty of maintaining it in a reasonably safe condition was the same as to any other part of the sidewalk (R. C. L., vol. 13, p. 397), and the evidence not showing that there were any apparent conditions that required the plaintiff to

anticipate obstructions on. the walk, we are of the opinion that, it being shown that her failure to note the obstruction was due to her attention being directed to the alley with reference to vehicular traffic that may have been on or approaching the cross walk, she was not guilty of negligence. (Weber vs. Union Dev. & Con. Co., 118 La. 77, 42 So. 652; McCormack vs. Robin, 126 La. 598, 52 So. 779.

The obstruction in the alley, considering the fact that the level of the alley was below the level of the sidewalk, and that the alley was open to vehicular traffic, was such that the defendants should, in the exercise of ordinary care, have anticipated that the attention of persons using the cross walk would be diverted from the way and they would fail to observe an obstruction thereon, and the accident which occurred was no more than should reasonably have been anticipated.

### V.

The plaintiff's leg was broken just above the knee, she was confined in a hospital for about forty days, was unable to use her limb for about six months and was disabled for more than one year. She suffered severely, and at the date of the trial, about twenty-one months after the injury, she did not have normal use of her limb which was still weak and shorter than before the accident, causing her to walk with a marked limp.

Plaintiff incurred obligations for nurses and hospital charges and lost a considerable amount by reasons of her inability to work for a year after the accident, which losses we find would amount to about thirty-five hundred dollars.

The injury sustained by the plaintiff was serious and her actual loss therefrom

was, as stated, considerable; but the amount for which judgment was rendered was very much in excess of that which has been allowed in cases where the injury was equally as serious. (Moore vs. Pickering Lumber Co., 105 La. 505, 29 So. 990; Carter vs. Dubach, 113 La. 239, 36 So. 952; Weinhardt vs. New Orleans, 125 La. 351, 51 So. 286; Dougherty vs. New Orleans Ry. Co., 127 La. 225, 53 So. 532; Guidry vs. Morgan's L. & T. R. R. & S. Co., 140 La. 1007, 72 So. 993; Southall vs. Smith, 151 La. 967, 92 So. 402), and we are of the opinion that, considering the actual loss sustained by the plaintiff, judgment for ten thousand dollars would be more in conformity with the amounts heretofore allowed in such cases.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be amended by reducing the amount allowed to ten thousand dollars, and, as thus amended, the judgment is affirmed.

———

### ON APPLICATION FOR REHEARING.

Per curiam.

Counsel for defendant, Central Contracting Company, and the members of that partnership, suggests, among other errors of this court, that judgment was rendered against Edgar C. Maclay and Henry C. Beck, the individual members of the partnership, in solido, with said partnership and the city of Shreveport when the record shows that no issue was joined as to the partners individually.

Counsel is in error, for we merely amended the judgment appealed from by reducing the amount from $12,500.00 to $10,000.00, and, as thus amended, the judgment was affirmed.

The district court did not grant judgment against the individuals composing the partnership. Judgment was granted against—

"* * * Central Contracting Company, a partnership composed of Edgar C. Maclay and Henry C. Beck, and the city of Shreveport, defendants, individually and in solido."

Maclay and Beck are mentioned only as composing the partnership. We do not interpret the judgment of the district court as one against the individuals composing the partnership but a judgment only against the partnership and the city of Shreveport, individually and in solido.

Rehearing refused.